**TARPLEY, Tax Collector, et al. v. EPPERSON.**

No. 8909.

Court of Civil Appeals of Texas. San Antonio.

May 11, 1932.

Rehearing Denied June 8, 1932.

Griffin, Kimbrough & Cox, of McAllen, D. W. Glasscock, of Mercedes, Bryce Ferguson, of Edinburg, F. G. Clay, of McAllen, and J. V. Allred and F. O. McKinsey, both of Austin, for appellants.

Kennedy Smith, of Edinburg, L. J. Polk, of Pharr, J. R. Norvell, of Edinburg, and E. A. McDaniel, of McAllen, for appellee.

FLY, C. J.

This suit was instituted by appellee against Hidalgo county and its county judge, tax collector, and other officers. The state of Texas, through the Attorney General, intervened in the suit. The appellee sought to recover of Hidalgo county the sum of $91,455.96, alleged to be due him on a contract entered into by and between him and the county for the collection of delinquent taxes due the county and state. The court instructed the jury to return a verdict for the amount sued for, and upon the verdict judgment was rendered for that sum. This appeal is prosecuted by all the defendants in the lower court, appellants in this court.

This court on a former appeal held the contract, which is the basis of this suit, binding and effective against the county, and the decision in that cause was approved, in effect, by the Supreme Court, through a dismissal of a writ of error applied for by appellants. Cameron v. Earnest, 34 S.W.(2d) 685. The foregoing decision of this court was fully approved by the Commission of Appeals in an elaborate opinion which was adopted by the Supreme Court. It has been finally determined by this court and the Supreme Court that the commissioners' court of Hid-

algo county had the authority to make the contract with appellee and that under its terms he was entitled to his commissions on all the delinquent taxes of Hidalgo county during the life of the contract, that he had labored to collect and which were paid, whether directly to him or the tax collector. State v. Epperson, 42 S.W.(2d) 228.

It is seriously argued that in spite of the validity and binding force of the contract, which is res adjudicata, the county has the power and authority to annul and repudiate it when a commissioners' court may so desire. A county, or other municipal authority, is bound by its contracts and obligations as is an individual and has no more right to repudiate them than has the individual. This has been clearly decided by the Supreme Court in the case of Gulf Bitulithic Co. v. Nueces County, 11 S.W.(2d) 305. In an exhaustive opinion Judge Leddy, of the Commission of Appeals, states the doctrine so forcefully that a further discussion of the matters could be of no possible use or benefit. Hidalgo county had solemnly entered into a binding contract, and a succeeding commissioners' court, in indulgence of its whims or prejudices, could not place the stain of repudiation upon its county in the very face of the court of last resort in the state. The effort seems to be to nullify and disregard the decisions of courts, acting under the authority of the Constitution and statutes, and to proceed in defiance of them to set aside a contract held to be valid and binding upon the county. In this case appellee sued to recover a sum of money alleged to have accrued to him under the terms of the contract, as commissions on over $450,000 paid in by delinquent taxpayers, through the efforts of appellee. It is insisted that appellee, at the time the taxes were paid to the collector, was doing nothing under the contract, ignoring the fact that during that time appellee had been haled into court and enjoined from interfering with the collection of delinquent taxes. They shackled his hands and bound his feet, and then calmly informed him that the contract would be canceled because he was not engaged in executing it. Contracts must be respected by counties as well as by individuals, and the rulings of constituted authority obeyed as long as civilized government exists. This litigation has evolved many tergiversations to evade and nullify the decision in the former case, by endeavors to invoke the aid of district courts, clearly without jurisdiction, and even to obtain the aid of the Supreme Court to issue a writ of prohibition against this court in a matter over which its jurisdiction was undisputed.

A review of the testimony fails to disclose any evidence on any material point, requiring the conclusion of a jury thereon. The facts show the execution of the contract and the utmost endeavors of appellee to comply with its terms, handicapped as he was by an antagonistic commissioners' court using every effort within its power to prevent him from performing the contract. The contract was held in abeyance by litigation, and however improvident the contract of its predecessor may have been, in the view of the present commissioners' court, it must be performed unless it is breached by appellee. No such breach has occurred and the law and facts of the case were with him, and a peremptory instruction to the jury to return a verdict in his behalf was legal and proper. No material contested issue of fact was presented, and a peremptory instruction to the jury was justifiable.

The facts indicate that trivial matters were sought to embarrass appellee in the prosecution of his duties, but he did all that he could to prepare for the collection of the taxes. The abstracts of title are declared to be insufficient, but they, together with other efforts of appellee, had the effect to cause the payment of nearly half a million dollars of taxes that were long delinquent. The taxes were paid to the tax collector at a time when appellee was under injunction not to accept or collect the taxes. After his efforts, weak or powerful, had so wrought upon the minds and purses of the delinquent taxpayers as to cause them to pay the taxes. Appellants cannot in justice deprive appellee of the fruits of his labor under the contract with the county.

There are 106 assignments of error, one-half being in the alternative, whatever that may include. Based on the numerous assignments there are eighteen propositions, one-half of them being in the alternative. The sum and substance of original propositions are that appellants can place a party with whom they have contracted, under such restraint as to make it impossible for him to collect the taxes which he has prepared to collect, and has induced delinquents to pay, and thus deprive him of his rights under the contract. We will discuss the propositions seriatim.

The first proposition is long and involved, but amounts to an attack upon the sufficiency of the evidence to permit an instructed verdict. The first proposition is followed by the second, which is an alternative proposition, and which is in truth an attack made on the construction of the contract by this court and others. The propositions are overruled.

The third proposition asserts that because appellee was the only witness and his testimony the only evidence upon his efforts to perform the contract, it was not sufficient to sustain an instructed verdict. The argument is that the credibility of the witness was a question of fact to be passed upon by the jury. It is not claimed that his evidence

had been contradicted or in any manner assailed, and we do not think there is any merit in the proposition.

The fourth proposition presents an argument in favor of the power and propriety of the commissioners' court to repudiate a contract entered into by its predecessor, and contends that an attempt to repudiate should have been considered by court and jury. This court cannot accede to such proposition. The attempt even of sovereign states of the Union to repudiate debts has brought obloquy upon them for generations, and lessened the respect of sister states, and aroused the suspicion of civilized people throughout the earth. If it is dishonorable for a citizen to repudiate his debts, it should be more disreputable for a political division of the state to do so. No reputable court will sustain a commissioners' court in its efforts to repudiate its debts. We overrule the proposition.

The fifth proposition, termed as an alternative to the fourth, would be more accurately styled a repetition of the fourth as well as a kind of mollification and extenuation thereof. No matter in what language it may be arrayed, it is a plea for the right to repudiate a solemn contract.

The sixth proposition, together with its more elaborate alternative, the seventh, is overruled. Appellee was not paid in advance for services not rendered, as claimed, but was paid the amount due for services rendered, of which the commissioners' court was seeking to deprive him.

· The eighth, ninth, tenth, and eleventh propositions are "still harping" on a hypothetical error of the court in instructing a verdict for appellee for a large sum on a contract still largely unperformed. The jury was instructed to return a verdict for what appellee had already earned, and which appellants were endeavoring to appropriate.

■ The twelfth proposition states that the Legislature passed a law (Acts 41st Leg., 4th Called Sess., c. 8 [Vernon's Ann. Civ. St. art. 7335a]), which became effective on February 17, 1930, which required contracts for the collection of delinquent taxes to be approved, both as to substance and form, by the Comptroller of Public Accounts and Attorney General of Texas, and providing that the compensation for the collection of such taxes should not exceed 15 per cent. of the amounts collected, and the contention, in effect, is that the law was retroactive in its effect and that only 15 per cent. of the delinquent taxes collected by appellee since February 17, 1930, was due him. The absurdity and untenability of such a proposition is apparent from the mere statement of it. While the commissioners' court of Hidalgo county may endeavor to destroy pre-existing contracts by a mere order to that effect, the Legislature of Texas recognizes the fact that contracts not procured by fraud are safely guarded by the federal and state Constitutions, and would attempt no such comic opera performance. The federal Constitution declares that the obligation of contracts cannot be impaired, and that declaration of the organic law of the United States will be enforced even against the Legislature, and even the puissant commissioners' court of Hidalgo county. The Constitution also denounces ex post facto laws. U. S. Const. art. 1, § 10.

·There is nothing in the contract or the other evidence to sustain the ingenious construction sought to be placed upon the extension agreement. It is an unreasonable interpretation of the parties and the thirteenth proposition is overruled.

The fourteenth, fifteenth, sixteenth, and seventeenth propositions are merely repetitions of other propositions herein considered and disposed of, and it is unnecessary to comment upon them again. The propositions are overruled.

Not only do the facts show that appellee gave assistance in the collection of the taxes, but that he was the sole moving cause in procuring their payment. The contract is plain and has been construed by the courts of last resort to assure appellee a certain percentage of all taxes delinquent when it was executed. This court cannot assume the role of destroying or reforming contracts, as suggested by appellants, in the absence of any grounds alleged or proved authorizing such action.

This court reiterates the proposition that the commissioners' court of Hidalgo county had no right to repudiate the contract between the county of Hidalgo and appellee, and any evidence of such action attempted by that court was properly rejected, as it was proof only of a disregard of Constitution and law and the decisions of their superior courts in Texas.

The judgment is affirmed.