H. TARPLEY, TAX COLLECTOR, ET AL. V. J. C. EPPERSON.

No. 6426. Motion No. 11,343. Decided March 13, 1935.
Rehearing overruled April 10, 1935.
(79 S. W., 2d Series, 1081.)

*James V. Allred,* Attorney General, *F. O. McKinsey, Scott Gaines,* Assistants to Attorney General, for State of Texas.

*Sid L. Hardin,* former County Attorney, *Bryce Ferguson,* County Attorney, of Edinburg; *Harbert Davenport, D. W. Glasscock,* of Mercedes, *Griffin, Kimbrough & Cox,* and *F .G. Clay,* of McAllen, and *Black & Graves,* of Austin, for plaintiffs in error.

*E. A. McDaniel,* of McAllen, *L. J. Polk,* of Pharr, *J. R. Norvill, Kennedy Smith* and *J. C. Epperson,* all of Edinburg, for defendant in error.

*Neal A. Brown,* of Edinburg, filed brief as amicus curiae.

MR. JUDGE CRITZ of the Commission of Appeals delivered the opinion for the Court.

This suit was originally instituted in the form of a mandamus proceeding, in the District Court of Hidalgo County, Texas, by J. C. Epperson, against Hidalgo County, Texas, H. Tarpley, its tax collector, and the members of the Commissioners Court of such county to compel Tarpley, as tax collector, to pay over $91,455.96, alleged by Epperson to be due him on a certain contract entered into between him and the county for

the collection of delinquent taxes. When the case was tried in the district court the district judge instructed the jury to return a verdict for Epperson. The verdict was returned as directed, and thereafter the district court entered judgment for Epperson for the amount sued for, and issued a mandamus commanding Tarpley, as tax collector, to pay over to Epperson the above sum of money. The State intervened in the suit in the district court, and then joined with the county and its officers in prosecuting an appeal to the Court of Civil Appeals. On final hearing in the Court of Civil Appeals the judgment of the district court was in all things affirmed. 50 S. W. (2d) 919. See also Cameron v. Earnest, 34 S. W. (2d) 685. The case is now pending in this court on writ of error granted on application of the county and its officials, and the State. Also pending the disposition of the case in the district court that court issued a temporary injunction restraining the officers from diverting the fund in dispute here for any other purpose than that of Epperson's alleged contract. As a part of the district court's judgment this injunction was made permanent.

Subsequent to the granting of the writ of error by this Court, and while the case was pending here, and before submission thereof, defendant in error, Epperson, on January 12, 1934, as the owner of the judgment, cause of action and contract above described, by written instrument, sold, transferred and assigned such judgment, cause of action and contract to American State Bank & Trust Company of Edinburg, Texas. Thereafter, on January 13, 1934, the above-named bank, by written instrument, transferred and assigned such judgment, cause of action and contract to Hidalgo County, Texas.

After the happening of the above events Hidalgo County, Texas, and its officers and the bank, and the State filed a motion in this court setting up the above facts, and praying that the judgments of the two lower courts be reversed, and the cause dismissed on the ground that the suit had become moot.

Epperson was duly served with citation on the above motion, and has filed in this court two instruments which we have considered as answers to such motion. In his said answers, Epperson, in effect, admits the above facts. He also, in effect, admits that he was aware of the fact that the purpose of the entire transaction was to compromise and settle this litigation. Epperson's answers in this court then allege that he was induced to execute the instrument of assignment to the bank by fraudu-

lent misrepresentations made to him by the bank, and its representatives, and by the county, and its representatives.

In addition to the above allegations Epperson alleges that he has filed a suit in the District Court of Hidalgo County, Texas, against the county, and its officers, against the bank, and, also against certain other named parties, wherein he seeks cancellation of his assignment to the bank and the bank's assignment to the county, and, in the alternative, he seeks damages in the sum of $92,738.88, all on the alleged ground of fraud. Finally Epperson's answer in this Court prays:

"* * * He, therefore, prays that this Honorable Court do not consider said Motion at this time for any purpose other than to refuse and/or dismiss the same, and that this cause be set down for submission in its regular order."

Attached to Epperson's answer in this Court in what purports to be a copy of his original petition in the district court. The date of the filing of this petition is not shown, but we judge from allegations in the answer that it was filed about the time the answer was filed in this Court. Epperson's answer was filed in this Court on May 9, 1934. It is thus seen that the compromise and settlement was made on January 12, 1934, and the suit to set the same aside, or for damages, was filed in the district court nearly four months thereafter. The petition in the district court seeks to invoke the jurisdiction of that court to rescind the contracts here involved on the alleged ground of fraud, and in the alternative to recover damages in the sum above named. We here quote the prayer to the alleged petition in the district court:

"Wherefore, premises considered, plaintiff prays that the defendants be cited to appear as the law directs and that upon a trial hereof he do have judgment against all the defendants, jointly and severally, rescinding said contract between plaintiff and American State Bank & Trust Company and said contract between American State Bank & Trust Company and Hidalgo County, Texas, dated January 12, 1934, and January 13, 1934, respectively, and cancelling and annulling both of said contracts; and, in the alternative, if for any reason he be not entitled to a rescission, that he have judgment for his damages in the sum of $92,738.88 with interest thereon at the legal rate, for all costs of suit and for such other and further relief, general and special, in law or in equity, that he may be justly entitled to receive, whether specifically prayed for herein or not."

Reverting back, Epperson's own answer shows that the

bank paid him in cash the sum of $35,000.00, and bonds of the market value of $1,000.00, as consideration for his contract of assignment to the bank. The petition in the district court states that he, "here and now tenders back the moneys and bonds paid to him and sues for a rescission of said contract," etc. The answer in this Court makes no tender whatever of the $35,000.00 and bonds above described further than stating that a copy of the answer in the district court is attached. Furthermore such money and bonds are not tendered into this Court, and no showing is made, or attempted to be made, that Epperson is now in possession of such money and bonds, or is in position and willing to pay such money and bonds over to the bank if this Court overrules the motion to reverse and dismiss. On the other hand Epperson, in his second answer in this Court, makes allegations which in effect lead us to the conclusion that he is not now in a position or able to return such money and bonds.

1, 2   When Epperson, as the owner of the judgment above described, by written instrument, sold, transferred and assigned such judgment, cause of action and contract to the bank, it thereby became the lawful owner thereof, and when the bank sold, transferred and assigned such judgment, cause of action and contract to the county this suit became settled and moot. Seiter v. Smith, 105 Texas, 205, 147 S. W., 226. It follows that the motion of plaintiffs in error to reverse and dismiss this suit should be granted unless Epperson's answer to such motion presents some valid reason for overruling the same. Danciger Oil & Refining Co. v. Railroad Commission, 122 Texas, 243, 56 S. W. (2d) 1075.

3   Under the Constitution and statutes of this State this Court has power, "upon affidavit or otherwise, as by the court may be determined, to ascertain such matters of fact, as may be necessary to the proper exercise of its jurisdiction." Sec. 3, Art. 5, Texas Constitution; Art. 1732, R. C. S. 1925; Seiter v. Smith, supra.

Under the above constitutional and statutory provisions this Court has the exclusive power to determine such matters of fact as may be necessary for the proper exercise of its own jurisdiction; not the District Court of Hidalgo County or any other court. Of course this Court, if it saw fit, could authorize the District Court of Hidalgo County to try any fact issue here involved on the question of rescission for fraud. Since this Court has the exclusive power to determine its own juris-

diction we must test the sufficiency of Epperson's answer as addressed to this Court alone. In doing this we treat the petition in the district court as a part of the answer in this Court.

4 It is evident that the motion of the plaintiffs in error to reverse and dismiss this case should not be overruled unless this Court is in a present position to certainly restore the status quo as it existed prior to the contract of compromise and settlement under discussion. In other words, the motion to reverse and dismiss should not be overruled unless this Court is able to certainly see that the $35,000.00 in cash, and the $1,000.00 in bonds received by Epperson are restored by him to the bank. This is true because the overruling of the motion to dismiss would be tantamount to an adjudication of rescission. It is impossible for us to determine any way by which this can be done. In this connection no showing of Epperson's solvency has been made here, and he has not seen fit to place such money or bonds in the registry of this Court. Furthermore, as already shown, Epperson's second answer leads us to believe that he is in no position to repay such money. Certainly no showing that he is in position to do so is made. In this connection we are aware of the fact that it is not essential, as a general rule, in suits for rescission, for the party asserting the right to rescind to actually deposit the consideration, or amount necessary to restore the parties to their original position, in court. This, however, is because the court is ordinarily a trial court, and usually has the power to dispose of the whole case on equitable terms, whether the amount is deposited in court or not. 9 C. J., p. 1207, sec. 92. This rule, however, cannot be applied to the peculiar facts of this record because if Epperson is entitled to have this motion to reverse and dismiss overruled the bank is entitled to have its money and bonds restored to it. This is because the motion must be sustained unless the alleged settlement is first adjudged to be void for fraud and the status quo restored between the parties. It is evident that this Court is in no position to do this.

5 When we further consider Epperson's answer in this Court we are convinced that he has not tendered or intended to tender an issue of fraud into this Court to be tried and determined by it. To the contrary, his answer in this Court, taken as a whole, simply shows to this Court that he has tendered a fact issue of fraud to the District Court of Hidalgo County, Texas, which he proposes to try there. His whole

answer in this Court in effect simply attempts to combat the motion to reverse and dismiss because he has pending in the district court a suit to rescind and for damages. Such a record fails to raise any issue in this Court that would defeat the motion to reverse and dismiss.

6 Finally we think Epperson's answer in this Court presents no defense to the motion to dismiss because the answer, taken as a whole, shows that no unconditional repudiation of the compromise and settlement has been made by Epperson in this Court. In this connection we call attention to the fact that the petition in the district court prays in the alternative for damages in the sum of $92,738.88. Certainly an answer in this Court which discloses that Epperson, while holding to the fruits of his compromise, is standing on, and refuses to surrender his right to maintain a damage suit in the district court, presents no defense to the motion in this court to reverse and dismiss. This must be true because a damage suit for fraud affirms the contract.

The motion herein by the plaintiffs in error is granted. The judgments of the district court and Court of Civil Appeals are both reversed and this cause is dismissed without prejudice to the right, if any, of Epperson to prosecute a damage suit in the district court.

Opinion adopted by the Supreme Court March 13, 1935.