### BLISS v. AMERICAN STATE BANK & TRUST CO. and five other cases.

Nos. 9688–9693.

Court of Civil Appeals of Texas. San Antonio.

Dec. 11, 1935.

Rehearing Denied Feb. 12, 1936.

Bliss & Daffan, of San Antonio, for appellants.

D. W. Glasscock, of Mercedes, R. D. Cox, Jr., of Mission, and Strickland, Ewers & Wilkins and Hill & Greer, all of Mission, for appellees.

MURRAY, Justice.

The above-styled and numbered six causes have been heretofore consolidated and will be here decided in one opinion.

Cause No. 9688 is a suit by Wade H. Bliss against J. C. Epperson and the American State Bank & Trust Company for certain sums of money alleged to be due Bliss; and cause No. 9689 is a garnishment suit by Bliss against H. Tarpley seeking to garnishee certain funds alleged to be in the possession of H. Tarpley and belonging to Epperson.

Causes Nos. 9690 and 9691 are two similar suits brought by Prentis P. Edmiston; and causes Nos. 9692 and 9693 are two similar suits brought by Edwards Abstract Company.

All six causes involve similar facts and the same law questions, and are very properly considered together.

In the three primary suits, that is, causes Nos. 9688, 9690, and 9692, the plaintiffs below were given judgment as prayed for against J. C. Epperson, but in each cause judgment was denied against the American State Bank & Trust Company.

In causes Nos. 9689, 9691, and 9693, which are the garnishment suits, recovery was denied against the garnishee in each case.

Wade H. Bliss, Prentis P. Edmiston, and Edwards Abstract Company have prosecuted this appeal, as appellants in their respective causes.

These appeals present one main question, which is, whether or not the writs of garnishment served upon H. Tarpley were sufficient under the facts to create a lien on certain funds held by Tarpley.

While there are no statements of facts filed in these cases, there are findings of facts and conclusions of law by the trial judge. No objections or exceptions were filed to the findings of facts, nor was there any request made by appellants for other further or different findings of facts. Likewise, appellants have not in their briefs in any way complained of the judge's findings of facts, and it is, therefore, apparent that appellants are bound by these findings.

We will here give a brief statement of all the surrounding and pertinent facts concerning this litigation: Some time prior to April, 1930, Hidalgo county entered into a contract with J. C. Epperson to collect back taxes for the county. The contract gave to Epperson the sum of 25 per cent. of all delinquent taxes collected in consideration of his services in collecting these taxes and performing certain other services. Twenty per cent. was to be paid to Epperson monthly, and the remaining 5 per cent. upon his completion of all that was required of him under the contract. In April, 1930, an injunction suit was instituted attempting to prevent the carrying out of this contract, alleging it to be void by reason of fraud and unconscionable consideration. The trial court granted the injunction, but upon appeal to this court that judgment was reversed and the cause rendered. Cameron v. Earnest (Tex.Civ.App.) 34 S.W.(2d) 685. While this suit was pending, funds were accumulating in the hands of the then tax collector of Hidalgo county, O. Em. Jones, against which Epperson would have a claim in the event his contract was ultimately held to be valid.

On January 1, 1931, H. Tarpley succeeded O. Em. Jones as tax collector of Hidalgo county. On February 5, 1931, Epperson instituted a suit for mandamus against H. Tarpley, seeking to compel Tarpley to pay over to him 20 per cent. of all delinquent taxes collected as a result of his efforts during the existence of the contract, which it was alleged amounted to more than $91,000. Upon a hearing judgment was entered granting Epperson a mandamus requiring Tarpley to pay over to Epperson all funds on hand alleged to

belong to Epperson under the contract. An appeal was taken by Tarpley to this court, and the judgment of the trial court affirmed. Tarpley v. Epperson, 50 S.W. (2d) 919. The Supreme Court granted a writ of error, and at the time the cases at bar were being heard that cause was pending in the Supreme Court. However, later by agreement of parties the Supreme Court reversed the judgment of both the district court and the Court of Civil Appeals and dismissed the cause. Tarpley v. Epperson, 79 S.W.(2d) 1081.

It is conceded by appellants that funds collected by a tax collector, and in his possession as such tax collector, are not subject to garnishment, but they contend that if, by a final judgment, a part of such funds are finally adjudicated to belong to an individual, then that portion adjudged to belong to an individual becomes subject to garnishment. We do not disagree with this contention, but we fail to see where there was a final judgment decreeing that a part of the funds held by Tarpley belonged to Epperson.

 The first suit was an injunction suit and determined nothing more than that Epperson was not to be enjoined from proceeding to perform his contract with the county. Cameron v. Earnest (Tex. Civ.App.) 34 S.W.(2d) 685. The second suit was the mandamus suit and if it had been upheld by the highest court to which it could have been carried the judgment rendered by the trial court could have been regarded as a judgment decreeing Epperson to own a certain portion of the funds held by Tarpley, but this judgment was by the Supreme Court reversed and the cause dismissed. Tarpley v. Epperson, 79 S.W. (2d) 1081. It may properly be contended that we must view the facts as they existed at the time of the trial, that is to say, that the mandamus case was still pending in the Supreme Court. Under those facts the judgment lacked that finality which would cause it to be regarded as a final decree determining and adjudicating that Epperson was the owner of a portion of the funds in the hands of Tarpley. Oliver v. Freeland (Tex.Civ.App.) 74 S.W.(2d) 711.

There is another reason why the garnishment suits herein were ineffective to fix any lien on funds in the hands of Tarpley. He had no funds except such as he had received as tax collector of Hidal-

go county, either from his predecessor in office, O. Em. Jones, or from the collection of taxes. The writs of garnishment herein were issued against Tarpley as an individual and not in his official capacity as tax collector. Such writs were ineffective to create a lien upon funds held by him in his official capacity. 28 C.J. 221; Fleming v. Gillespie, 7 Okl. 430, 54 P. 653.

Appellants' claims against the American State Bank & Trust Company depended upon their having a valid lien against funds in the hands of Tarpley at the time the writs of garnishment were served, and, having determined that they had no valid lien against funds in the possession of Tarpley, it follows that they had no valid claim against the Bank.

The judgments are affirmed.