STANDIFER BROS. v. HOBBS et ux.

No. 5006.

Court of Civil Appeals of Texas. Texarkana.

Oct. 30, 1936.

Rehearing Denied Nov. 5, 1936.

C. R. Newland, of Linden, for appellants.

Bartlett & Patman, of Linden, for appellee.

HALL, Justice.

Appellees brought this suit against appellants in the district court of Cass county for damages, alleging that appellants trespassed upon their land and removed therefrom a large quantity of gravel; that in removing the gravel to the highway they crossed a portion of appellees' land with their trucks, thereby injuring and damaging their land. Other specific items of damage to their land were alleged by appellees which will not be necessary to mention here.

Appellants answered by general demurrer, special exceptions, and general denial, and specially to the effect that they were constructing new highway No. 77 between Atlanta and Douglassville in Cass county, and were acting strictly under the orders of the Highway Commission's resident

engineer and were the agents of the State Highway Department. They alleged that old highway No. 77 was a public, first-class highway with a right of way 60 feet in width until a few years ago when same was, with the acquiescence of appellees, widened to 100 feet; that all the gravel, claimed by appellees and removed by appellants, was taken from the roadbed of old highway No. 77 and within the limits of the right of way of same, and with the consent of Cass county, the owner thereof; that appellees had conveyed to the state of Texas as a right of way for the new highway No. 77 some five acres of their land, and agreed therein to "release any and all claims for damages that might occur to the remainder of the lands owned by plaintiffs" (appellees). Appellants impleaded Cass county.

The county answered by general denial, and, further, to the effect that it had nothing whatever to do with the construction of highway No. 77, but that said construction was by authority of State Highway Commission; that the only act done by it was the securing of deeds from various landowners, including appellees, to a right of way for the relocated highway No. 77; which deeds were taken in the name of the state of Texas and delivered to the Highway Department.

Trial was had to the court without a jury, which resulted in judgment for appellees for damages in the amount of $125, against appellants, to which judgment appellants excepted and prosecute their appeal to this court. Judgment was also rendered for Cass county.

Appellants bring forward several assignments of error, the first of which complains at the action of the trial court in overruling their general demurrer to appellees' petition. We have carefully examined the petition of appellees, and, in our opinion, it clearly states a cause of action of trespass against appellants and therefore was not subject to a general demurrer. The trial court, upon motion of both parties, filed his findings of fact and conclusions of law, but no statement of facts appears in the record. The findings of fact were not excepted to, nor was any motion made by appellants for additional findings of fact. In this state of the record we cannot consider the other assignments of error brought forward by appellants. We have no guide with which to compare the trial court's findings of fact

to see if they truly reflect the facts developed upon the trial. Therefore, said findings of fact are binding on appellants and must be taken as true. Bliss v. American State Bank & Trust Co. (Tex.Civ.App.) 90 S.W.(2d) 630. We have examined said findings of fact and conclude that they amply support the judgment rendered.

The judgment of the trial court is affirmed.