47 Cal.2d 396 (1956)
Estate of RALPH LUCKSINGER, Deceased. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, as Executor, etc., Respondent,
v.
TAYLOR, TAYLOR AND TAYLOR, Appellants.
Sac. No. 6690. 
Supreme Court of California. In Bank. 
Nov. 30, 1956.
 Taylor, Taylor & Taylor, in pro. per., for Appellants.
 No appearance for Respondent.
 McCOMB, J.
 This is an appeal from an order settling the first and final account and report of the executor and fixing payment of the ordinary fees of the executor and attorneys for the executor and ordering final distribution under the will of Ralph Lucksinger.
 Chronology
 i. Testator died December 28, 1953.
 ii. At the time of his death section 901 of the Probate Code read in part as follows:
 "The executor, when no compensation is provided by the will or he renounces all claim thereto, or the administrator, shall receive commissions upon the amount of estate accounted for by him, as follows: For the first thousand dollars, at the rate of seven per cent; for the next nine thousand dollars, at the rate of four per cent; for the next ten thousand dollars, at the rate of three per cent; for the next thirty *397 thousand dollars, at the rate of two per cent; and for all above fifty thousand dollars, at the rate of one per cent."
 iii. By an amendment to section 901 of the Probate Code, effective September 7, 1955, the fee schedule was increased as follows:
 Tabular Material Omitted
 iv. Section 910 of the Probate Code reads as follows:
 "Attorneys for executors and administrators shall be allowed out of the estate, as fees for conducting the ordinary probate proceedings, the same amounts as are allowed by the previous article as commissions to executors and administrators; and such further amount as the court may deem just and reasonable for extraordinary services."
 v. On September 14, 1955, the executor filed its first and final account and petition for ordinary fees of the attorneys for the executor.
 vi. On October 11, 1955, the probate court settled the first and final account and ordered payment of ordinary fees for the attorneys for the executor calculated in accordance with the provisions of section 901 of the Probate Code in effect at the time of decedent's death. (See ii., supra.)
 Question
 [1] In fixing the ordinary (statutory) fees of attorneys for the executor, should they be predicated upon the statute in effect at the time of settlement of the account and making of the order allowing compensation, or on the basis of the statute in effect at the date of the testator's death?
 Fees for attorneys for the executor should be the amount of the statutory commissions in effect at the time of settlement of the account and making of the order allowing compensation, to wit, in the instant case, in accordance with the provisions of section 901 of the Probate Code as amended and effective September 7, 1955. (See iii., supra.) (Estate of Johnston, ante, pp. 265, 270 [7] [303 P.2d 1].)
 Since the probate court allowed attorneys' fees in accordance with the statute in effect at the date of decedent's death, this portion of the order was erroneous. *398
 The order is reversed insofar as it fixes compensation of the attorneys for the executor upon the basis provided by law prior to September 7, 1955, and the cause is remanded with directions to the probate court to enter an order in accordance with the views expressed herein. In all other respects the order is affirmed.
 Gibson, C.J., Shenk, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.