[Civ. No. 22282. Second Dist., Div. Two. July 16, 1957.]

Estate of JESSE J. GELTMAN, Deceased. ABRAHAM GOTTFRIED, Appellant, v. MARGARET GELTMAN et al., Respondents.

Abraham Gottfried, in pro. per., for Appellant.

No appearance for Respondents.

MOORE, P. J.—This proceeding is based upon the motion of the attorney of the executor for a summary reversal of the order settling the first and final account and providing an allowance of commissions and fees for such attorney.

On behalf of the executor, on November 16, 1955, movant, Abraham Gottfried, filed the first and final account and report, petition for distribution, and for allowance of commissions

and fees due movant as attorney for such executor. The final account and report set forth a list of the claims against the estate, payment thereof and other disbursements approved; also a summary of the assets of the estate, aggregating $79,756.66. In the report, movant alleged a computation of statutory commissions and fees due him as follows:

| | |
|---|---|
| $ 1,000.00 at 7% ........................ | $ 70.00 |
| 9,000.00 at 4% ........................ | 360.00 |
| 40,000.00 at 3% ........................ | 1,200.00 |
| 29,756.66 at 2% ........................ | 595.00 |
| $79,756.66 | $2,225.00 |

The court did not accept such calculation but concluded as follows: "Said Myron V. Geltman has in his possession belonging to said estate, after deducting credits to which he is entitled, a balance of $64,452.87, of which $1,290.87 is in cash and the remainder consists of property hereinafter described at the appraised value; that the said account be allowed and settled accordingly; that out of the residue in his hands, said executor pay $1,635.06 as ordinary fees, and $2,700.00 as extraordinary fees to Abraham Gottfried, Esq., attorney for the executor."

The court's order was predicated upon the statute in effect at the time of the death of decedent whereas it should have been based upon the statute in effect at the time of the settlement of the account and of the order allowing compensation. When decedent departed this life in December, 1954, the provisions of Probate Code, section 901, were those used by the court in computing appellant's fees. However, in September, 1955, section 901 was amended so that the fees and commissions due appellant computed according to the statute as amended amounted to $2,225. (*Estate of Lucksinger* v. *Bank of America,* 47 Cal.2d 396, 397 [303 P.2d 1016]; *Estate of Johnston,* 47 Cal.2d 265, 268 [303 P.2d 1].)

Fees due executors and administrators are to be computed on "the amount of estate" (Prob. Code, § 901), not upon the net assets after payment of legacies, gifts and expenses.

This court held in *Melancon* v. *Walt Disney Productions,* 127 Cal.App.2d 213, 215 [273 P.2d 560], that a reversal upon motion is proper procedure in circumstances such as those here present, saying: "In the instant case it is apparent that in order to comply with the letter and spirit of the foregoing rules the present motion should be granted. A reversal will

effectuate two wholesome results, namely: (1) a just determination of the cause pending before this court, the Supreme Court having ruled on the question by which ruling we are bound; and (2) a speedy determination of the appeal. It is evident that were the motion to be denied and briefs be required, no useful purpose would be served since the ultimate result would be the same. (See *Tarpley* v. *Epperson*, 125 Tex. 63 [79 S.W.2d 1081, 1082 [1]].)'' That language is pertinent here.

It is, therefore, ordered that the part of the order appealed from fixing the amount of fees and commissions of movant is reversed with instructions to enter a new order in accordance with this opinion.

Fox, J., and Ashburn, J., concurred.