[Civ. No. 5662.   Fourth Dist.   May 6, 1958.]

Estate of FANNIE M. HECK, Deceased. SIDNEY J. W. SHARP, Individually and as Executor, Appellant, v. HATTIE J. LANE, Respondent.

Herbert M. Braden for Appellant.

Kimble, Thomas, Snell and Jamison & Russell for Respondent.

MUSSELL, J.—Fannie M. Heck died testate in 1952 and her will was admitted to probate on September 30, 1952. At that time section 901 of the Probate Code read in part as follows:

"The executor, when no compensation is provided by the will or he renounces all claim thereto, or the administrator, shall receive commissions upon the amount of estate accounted for by him, as follows: For the first thousand dollars, at the rate of seven per cent; for the next nine thousand dollars, at the rate of four per cent; for the next ten thousand dollars, at the rate of three per cent; for the next thirty thousand dollars, at the rate of two per cent; and for all above fifty thousand dollars, at the rate of one per cent."

By an amendment to section 901 of the Probate Code, effective September 7, 1955, the fee schedule was increased as follows:

| Size of Estate | | Former Rates | New Rates |
|---|---|---|---|
| First | $ 1,000 | 7% | 7% |
| Next | 9,000 | 4 | 4 |
| Next | 10,000 | 3 | 3 |
| Next | 30,000 | 2 | 3 |
| Next | 100,000 | 1 | 2 |
| Next | 350,000 | 1 | 1½ |
| Over | 500,000 | 1 | 1 |

Section 910 of the Probate Code reads as follows:

"Attorneys for executors and administrators shall be allowed out of the estate, as fees for conducting the ordinary probate proceedings, the same amounts as are allowed by the previous article as commissions to executors and administrators; and such further amount as the court may deem just and reasonable for extraordinary services."

The executor filed three accounts current prior to September 7, 1955, the date the amendment to section 901 of the Probate Code became effective. On July 8, 1954, the court

made an order approving the second account current of the executor and allowing him the sum of $1,580.71 for ordinary services rendered, and the same amount was allowed for attorney's fees. These sums were paid on July 8, 1954. On July 1, 1955, the executor filed his third account current and the further sum of $1,500 was allowed paid to him and a like amount was allowed and paid as attorney's fees for ordinary services.

On July 25, 1957, the fourth and final account of the executor and his report and petition for a decree of final distribution was filed. In this report he stated that the appraised value of the estate as of the date of the death of decedent, plus additional deposits as shown by the previous accounts, was the sum of $271,735.61; that based on sections 901 and 910 of the Probate Code, as amended in 1955, the executor was entitled to commissions as follows:

| | | | |
|------|---------------|--------|---------|
| First | $ 1,000.00 @ 7% | ...................... | $ 70.00 |
| Next | 9,000.00 @ 4% | ...................... | 360.00 |
| Next | 40,000.00 @ 3% | ...................... | 1,200.00 |
| Next | 100,000.00 @ 2% | ...................... | 2,000.00 |
| Next | 121,735.61 @ 1½% | ...................... | 1,826.02 |

$5,456.02

that a like amount was due for attorney's fees for ordinary services in administering said estate; that the executor had theretofore been paid for such ordinary services the following sums: $1,580.71, paid 7-8-54, and $1,500, paid 7-11-55, totaling $3,080.71; that a like amount had been paid for attorney's fees, leaving a balance due the executor of $2,375.71 for commissions for ordinary services rendered in the administering of said estate, with a like sum due for attorney's fees.

On November 5, 1957, the probate court made its order settling the fourth and final account and ordered final distribution of the estate reducing the amount of the ordinary commissions for the executor from $2,375.71 to $517.83, with a similar reduction for attorney's fees for ordinary services rendered. The executor appeals from this part of the order, claiming that the court erred in refusing to allow the amounts claimed as executor's commissions and attorney's fees as set forth in the petition.

In *Estate of Lucksinger,* 47 Cal.2d 396 [303 P.2d 1016] and in *Estate of Johnston,* 47 Cal.2d 265, 270 [303 P.2d 1], it is held that the commissions of the executor and his attorney should be the amount of the statutory commissions in

effect at the time of the settlement of the account and the making of the order allowing compensation.

In the instant case the court erred in allowing executor's commissions and attorney's fees in accordance with the statute in effect prior to September 7, 1955, and not in accordance with the statute in effect at the time of the approval of the final account and entry of the final decree of distribution.

█ Respondent argues that in determining executor's fees the statutory rates in Probate Code, section 901, as amended in 1955, should not be applied to that portion of the estate which had already been accounted for and upon which fees had already been determined and allowed prior to the effective date of such amendment. However, section 904 of the Probate Code provides that

"Any executor or administrator, at any time after six months from the issuance of letters testamentary or of administration, and upon such notice to the persons interested in the estate as the court or a judge thereof shall require, may apply to the court for an allowance upon his commissions; and on the hearing the court shall make an order allowing him such portion of his commissions, for services rendered up to that time, as the court shall deem proper, and the portion so allowed may be thereupon charged against the estate."

It is apparent that the court is empowered by this section to allow a portion of the commissions it deems proper for services rendered up to the time of the hearing and it does not require the court to fix this compensation on the basis of the provisions of section 901.

█ In 21 California Jurisprudence 2d, section 893, page 284, it is said:

"The representative's compensation is for the total of his services to the estate, and any compensation granted before the final accounting is merely an advance allowance toward the full fee allowable, which can be determined only at the final accounting."

In *Kauffman* v. *Westover*, 111 F.Supp. 752, 754-755, the court said:

". . . although a probate court may, prior to a final accounting, designate a fee as compensation for services rendered over a certain period, an executor's or administrator's compensation is for the total of his services to the estate, and any compensation granted before the final accounting is merely an advance allowance or 'on account of' the full fee allowable, which can be determined only at the final accounting."

In *Estate of Hite*, 155 Cal. 448, 458-459 [101 P. 448], it is said that the amount to be allowed an attorney as compensation for ordinary probate proceedings cannot be ascertained until the amount of the estate accounted for in the administration is known, and unless the whole amount of the compensation can be ascertained, it is impossible to arrive at the proportionate amount to be allowed for a part of such services; that it is settled that an executor or administrator is not entitled to the commissions allowed by law until the settlement of his final account, and that the same rule is applicable to the allowance of attorney's fees.

In the instant case the probate court should have determined the amounts due the executor and attorney on the entire estate at the time of the hearing on the fourth and final account and petition for final distribution and then have deducted therefrom the amounts paid on account of such services, allowing the balance under the rates prescribed in section 901 of the Probate Code, as amended.

The part of the order appealed from is reversed. The motion to dismiss the appeal herein is denied.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied May 26, 1958. Griffin, J., was of the opinion that the petition should be granted. Respondent's petition for a hearing by the Supreme Court was denied July 2, 1958.