[Nos. 15859, 15860. In Bank.—March 9, 1895.]

LEWIS A. GRANT, PETITIONER, *v.* SUPERIOR COURT OF LOS ANGELES, RESPONDENT. CALIFORNIA BANK, PETITIONER, *v.* SUPERIOR COURT OF LOS ANGELES, RESPONDENT.

STREET RAILWAY—FIXING COMPENSATION OF RECEIVER—WRIT OF PROHIBITION—APPEAL—CERTIORARI.—An order fixing the compensation of a receiver of a street railway company, whose appointment was in excess of the jurisdiction of the court, can of itself injure no one; but if, in addition to the order fixing the amount, the court should order it paid out of the fund in the receiver's hands, such order will be a final judgment and appealable by any party interested in the fund, or if not appealable by reason of its amount being insufficient to confer appellate jurisdiction, may be reviewed either upon certiorari or upon appeal from an order settling the receiver's account, and there being a remedy by appeal or certiorari, a writ of prohibition will not lie to arrest the proceedings in the superior court.

APPLICATION to the Supreme Court for writs of prohibition to the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

*White & Munroe,* for Petitioner.

*Wellborn & Hutton,* for Respondent.

BEATTY, C. J.—These are separate applications for writs of prohibition to arrest the same proceeding in the superior court.

In an action commenced by, or in the name of, the California Bank against the Los Angeles and Pacific Railway Company, a corporation, *et al.* (in which action it is claimed Lewis A. Grant was afterward substituted as the party plaintiff), the superior court appointed Herman Silver receiver of the property of the corporation.

This order appointing Silver, it is conceded, was in excess of the jurisdiction of the court and void, as was decided here in another case in which it was collaterally assailed (*Smith* v. *Los Angeles etc. Ry. Co.* (Cal., Sept. 27, 1893), 34 Pac. Rep. 243). The superior court has nevertheless made orders from time to time awarding compensation to Silver for his services as receiver, and recently, upon his petition, the California Bank and Lewis A. Grant, the petitioners in these proceedings, were cited to appear before the superior court and show cause why that court should not make a further order fixing Silver's compensation as receiver for a period of time not covered by the orders previously made. In response to this citation the petitioners appeared and objected to the proceeding upon the ground that the original order appointing Silver receiver being void, the court had no jurisdiction to allow compensation. This objection having been overruled, these applications for the writ of prohibition were filed.

We are of the opinion that, whether the proceeding which the petitioners seek to arrest is or is not without or in excess of the jurisdiction of the superior court, the writ of prohibition ought not to issue, for the reason that the petitioners have a plain, speedy, and adequate remedy by appeal from any order the court may make by which they could be injuriously affected.

The only order which the court proposes to make is one fixing the amount of the compensation. Such an order cannot, by itself, injure any one; but if, in addition to the order fixing the amount, the court should order it paid out of the fund in the receiver's hands, such order, under whatever name it might be designated,

would be a final judgment upon a collateral matter arising out of the action, and would be appealable by any party interested in the fund. (*Trustees* v. *Greenough*, 105 U. S. 527; *Tompson* v. *Huron Lumber Co.*, 5 Wash. 527.) Or, if the court should order either the original or substituted plaintiff to pay the compensation allowed, that would be a final judgment from which an appeal would lie. If this order should not be appealable by reason of its amount being insufficient to confer appellate jurisdiction upon this court, it could be reviewed either upon certiorari or upon an appeal from the order settling the receiver's account; and any attempt to enforce its payment by suit could be defended upon the want of jurisdiction in the court to make the order. There is nothing in conflict with this view in any thing decided in *Rochat* v. *Gee*, 91 Cal. 355. The order held in that case to be nonappealable was merely a partial settlement of a receiver's account, and was not by its terms made payable by any party, or enforceable against any party by execution, or payable out of any fund. In other words, it lacked one essential element of a final judgment. And it was conceded in that case that there might be an appeal by a party aggrieved from an order allowing the final account of a receiver before a final judgment in the action as between the original parties.

If we are right in the conclusion that any party aggrieved by an order of the court directing him to pay the receiver's compensation, or directing payment out of a fund in which he is interested, has an appeal from such order as from a final judgment in an independent proceeding collateral to the main action, and that he may stay all proceedings upon such order pending his appeal by filing a proper undertaking, there can be no need of a writ of prohibition in such a case, and it will not lie. (See cases referred to in *Havemeyer* v. *Superior Court*, 84 Cal. 398.)

It is suggested, however, that an order fixing the receiver's compensation in this proceeding might conclude the rights of the petitioners as to costs to be

included in the final judgment, or in a separate action by Silver to recover the amount allowed.

But they certainly cannot be concluded by the order in any collateral proceeding or new action if the court has no jurisdiction to make it, and if the court has jurisdiction to make the order for any purpose its proceeding cannot be arrested by prohibition.

Writs denied and proceedings dismissed.

HARRISON, J., GAROUTTE, J., and McFARLAND, J., concurred.