[L. A. No. 194.   Department One.—February 13, 1897.]

|116   71
|e145  769

## L. A. GRANT, APPELLANT, v. LOS ANGELES AND PACIFIC RAILWAY COMPANY ET AL., RESPONDENTS.

APPEAL—SUBSTITUTION OF PLAINTIFF. — An order refusing to vacate an order substituting a person as plaintiff in place of the original plaintiff is not appealable. Such order is subject to review only on appeal from the final judgment.

ID.—RECEIVER—ORDER FIXING COMPENSATION.—An order fixing the compensation of a receiver, and taxing it as costs in the action as against all the parties, and directing him to apply toward its payment the balance of the fund remaining in his hands as such receiver, is, in legal effect, a final judgment upon a collateral matter arising out of the action, and is appealable by any party interested in the fund..

ID.—APPOINTMENT OF RECEIVER—ESTOPPEL.—Where a particular person is appointed a receiver by consent of the then parties to the action, and thereafter, upon objections made by intervening creditors, he is removed, and another person is appointed receiver at the request of such intervenors, a party who is subsequently substituted as plaintiff in the place of the original plaintiff is not estopped to question the validity of the appointment of the second receiver.

APPEALS from an order of the Superior Court of Los Angeles County fixing the compensation of a receiver, and from an order denying an application to vacate an order of substitution. LUCIEN SHAW, Judge.

The facts are stated in the opinion of the court.

*White & Monroe*, for Appellant.

*A. W. Hutton*, for Respondent H. Silver.

*J. S. Chapman*, for the California Bank.

*Anderson & Anderson*, for Los Angeles and Pacific Railway Co.

VAN FLEET, J.—The record embraces appeals from two orders of the superior court—the first an order fixing the compensation of one Silver as receiver in the action, and the other an order denying an application of the appellant, Grant, to vacate a former order sub-

stituting him as plaintiff in the action in place of the California Bank, the original party plaintiff.

Respondents object that the orders are not appealable, and that both appeals should be dismissed, and ask that such disposition be made.

As to the order of substitution, this objection is well taken. The statute gives no appeal from such an order, and it is subject to review only on appeal from a final judgment. (Code Civ. Proc., secs. 939, 956, 963; *Wells* v. *Allen*, 54 Cal. 211.)

As to the order fixing the receiver's compensation, while not nominally one from which the statute authorizes a direct appeal, and while it sufficiently appears that it is not a special order made after final judgment, it is nevertheless an adjudication from which an appeal will lie. The order not only fixes the compensation of the receiver, but taxes such compensation as costs in the action, as against all the parties, and directs and authorizes the receiver to apply toward its payment the balance of a fund remaining in his hands as such receiver. Such an order, however it may be designated, is, in legal effect, " a final judgment upon a collateral matter arising out of the action," and is " appealable by any party interested in the fund." ( *Grant* v. *Superior Court*, 106 Cal. 324, and cases there cited.) The appellant has such an interest.

Appellant contends that the order appointing the receiver in the action was absolutely void upon its face for want of jurisdiction in the court to make it; and that the order fixing the compensation of the receiver, being founded thereon, is equally void.

That the order appointing the receiver was void is not denied by defendant, and has been so held by this court in two cases in which that particular order was under review ( *Smith* v. *Superior Court*, 97 Cal. 348; *Smith* v. *Los Angeles etc. Ry. Co.*, 34 Pac. Rep. 242), where it was held that the action was not one in which a receiver could be competently appointed.

Respondent contends, however, that, notwithstanding

the absolute nullity of the order appointing the receiver, the appellant is not at liberty to urge that objection nor to plead the invalidity of the present order; that the receiver was appointed at the request of the California Bank, the original plaintiff in the action, thereby estopping said bank from questioning the regularity of said appointment, and that appellant, having been substituted for said bank as plaintiff, is likewise estopped. But, assuming that the bank would be estopped, which is not to be here determined, we do not think that appellant can be held to rest under any such incapacity. The record discloses that on the commencement of the action, on the application of the then plaintiff, the California Bank, and by the consent of the defendant, the Los Angeles & Pacific Railway Company, one Spillman was appointed receiver. A few days subsequently, certain other creditors of said defendant intervened in the action, and at once interposed objections to the continuing of Spillman as receiver; that thereupon the latter resigned, and the present receiver was appointed at the request of said intervenors. Appellant was not then a party to the action, and did not become such until some considerable time thereafter. He had nothing to do with such appointment, and has not, so far as appears, ever done anything looking to an affirmation or ratification of the action of the court in appointing said receiver, other than the mere fact of taking an assignment of the notes sued on by the bank, and thus making himself a party to the action. This, of itself, is not sufficient to estop or preclude him from making the objection now urged. (*Smith* v. *Los Angeles etc. Ry. Co.,* *supra.*)

In that case, it appeared that Smith had made himself a party to the present action in the court below by intervening as a judgment creditor of the defendant, Los Angeles & Pacific Railway Company, and asking that his claim be allowed and paid, with those of other creditors, from the sale of certain of defendant's property; subsequently, he moved the superior court to be

allowed to issue execution on his judgment against the property in the hands of the receiver, on the ground that the appointment of the receiver was void, and of no effect. The application was denied, and Smith appealed. It was objected that making himself a party to the action was a ratification of the appointment of the receiver therein, and estopped him from attacking the order. It was held that his acts did not have such effect, and that he was not thereby estopped.

"It is doubtless true," say the court, "that one may so conduct himself as to be estopped from repudiating the action of a receiver, although the order by which the receiver was appointed is void. But in this case mutuality, which is one of the essential elements of estoppel, is wanting. The plaintiff herein could not, by simply intervening in the other case, receive any benefit, and no one, certainly, was prejudiced by his action therein. The receiver was not appointed upon his suggestion. If there be any act tending to validate the order appointing the receiver, such act is the act of the court, and not of this plaintiff; but, as we shall see, the order was void."

The same want of mutuality exists here. The appellant did not procure the appointment of the receiver, nor has he reaped any benefit therefrom; while it would seem from the record that his attitude toward said order has been one of hostility from the first.

In purchasing the interest of the bank in the litigation, appellant did not assume the liability of the bank to the receiver, if any such rested upon it, nor can he be presumed to have so intended. The order appointing the receiver being *void*, the presumption would be that appellant took the assignment of the notes with knowledge, and in view of that fact. Indeed, that order had, by the judgment of this court, been declared void more than three months prior to the date when appellant was substituted as a party to the action. That order being void, the present order must, of necessity, be held, as to appellant, likewise void.

It is urged by respondent that the receiver should be paid for his services by some one; but, if so, that obligation should rest upon those who sought and procured his appointment.

The appeal from the order of substitution is dismissed; the order fixing the compensation of the receiver is reversed.

HARRISON, J., and McFARLAND, J., concurred.

Hearing in Bank denied.