[L. A. No. 13399. In Bank.—July 14, 1932.]

GRACE E. FISH, Appellant, v. FRANK N. FISH, Defendant; WM. A. JACOBSON et al., Respondents.

L. B. Stanton for Appellant.

Arthur S. Guerin, *in pro. per.*, for Respondents.

WASTE, C. J.—Application for a writ of *supersedeas.* Petitioner brought this action for separate maintenance and division of property. Respondent Jacobson was ap-

pointed receiver and respondent Guerin was named as his attorney. The defendant husband failed to appear in the action, but by private arrangement the property rights of the spouses were fully settled. The receiver thereupon filed his report and final account with the trial court, praying that the same be allowed and settled, that the disposition of the property in his hands be directed and that his compensation and that of his attorney be fixed and payment thereof ordered. Petitioner appeared in opposition to the settlement of the account and denied that the receiver had taken possession of certain properties listed in his report, denied that $1,000 constituted fair or reasonable compensation for the receiver, denied that the reasonable value of the services of his attorney was $2,500 or any sum in excess of $100. It was further urged in opposition to the settlement of the account that the receiver never at any time had in his possession property of a value to exceed $3,500 and that there had been an understanding and agreement between the parties as to the receiver's compensation, which agreement petitioner had at all times lived up to.

At the conclusion of the hearing thereon the trial court made its minute order and thereafter made and entered its formal order allowing and settling the receiver's account, fixing his compensation and that of his attorney, directing a named commissioner to sell, subject to confirmation, certain property in the receiver's hands to pay said fees, directing the disposition to be made of the balance of the proceeds derived from such sale, and ordering the discharge of the receiver and the release of his surety. Petitioner duly noticed an appeal to this court from such order and posted an adequate and proper stay bond.

Alleging that the court below, through its commissioner, threatens to sell the property pending the determination of such appeal, plaintiff filed her application herein for a writ of *supersedeas*. An order was issued upon such application directing the trial court, its commissioner, and the receiver and his attorney to show cause why a *supersedeas* should not issue as prayed for. On the return day the respondents orally demurred to the petition and by way of brief subsequently filed urged, principally upon the authority of *Illinois Trust & Sav. Bank* v. *Pacific Elec. Ry. Co.,*

99 Cal. 407 [83 Pac. 1132], that the order appealed from is merely interlocutory in character and therefore non-appealable. For this reason they contend that a *supersedeas* should not issue.

We cannot accept respondents' solution of the problem presented. Decisions recognizing the right of appeal from an order, where that right does not rest upon the express provisions of section 963 of the Code of Civil Procedure, are numerous and proceed upon the theory that the order is in effect a final judgment against a party in a collateral proceeding growing out of the action; that is to say, is so far independent of the suit itself as to be substantially a final decree for the purpose of an appeal, although there has been no final decree in the action. (*Anglo California Bank* v. *Superior Court*, 153 Cal. 753 [96 Pac. 803].) Orders requiring the payment of money by the party complaining, or the doing of an act by or against him are usually regarded as final as against such party and may be appealed from by him. (*Colma Vegetable Assn.* v. *Superior Court*, 75 Cal. App. 91, 95 [242 Pac. 82].) The order here appealed from not only allowed and settled the receiver's account but, over petitioner's opposition, fixed the receiver's compensation and that of his attorney at a stated sum and provided for a sale of the receivership property to pay the same. Petitioner, as plaintiff in the principal action, has an interest in the receivership property and is vitally affected by any decree disposing of the same. The order for the sale of the receivership property, for the purpose designated, is certainly an order "for the doing of an act against" petitioner, because, if carried into execution, it will deprive her of a portion of the property or the proceeds derived from the sale thereof. We are of the opinion, therefore, that the order is in effect final as to the matters therein determined and may be appealed from.

Substantially the same character of order was held to be appealable in the following cases: *Los Angeles* v. *Los Angeles C. Water Co.*, 134 Cal. 121, 122, 124 [66 Pac. 198]; *Grant* v. *Superior Court*, 106 Cal. 324 [39 Pac. 604]; *Grant* v. *Los Angeles Ry. Co.*, 116 Cal. 71 [47 Pac. 872]; *Leeper* v. *Superior Court*, 62 Cal. App. 736, 739 [217 Pac. 811].

The order entered in *Illinois Trust & Sav. Bank* v. *Pacific Elec. Ry. Co.*, *supra*, which case is relied on by respondents,

has been properly distinguished from the type of order here under consideration on the ground that it did not direct "the payment of any money or the performance of any act by or against" the complaining party, and therefore lacked one of the essential elements of a final judgment. This distinction is pointed out in *Los Angeles* v. *Los Angeles C. Water Co., supra,* p. 124, and in *Free Gold Min. Co.* v. *Spiers,* 135 Cal. 130, 131 [67. Pac. 61].

We find no merit in respondents' further contention that the order here involved is interlocutory and nonappealable because it reserves to the trial court the right to confirm or disallow any sale made by the commissioner therein named. A similar reservation appeared in the order under consideration in *Leeper* v. *Superior Court, supra,* but the order was nevertheless properly held to be in effect a final judgment and therefore appealable. Obviously, such a reservation does not affect the finality of that portion of the order fixing the compensation of the receiver and his attorney and directing a sale of the property to pay the same.

Having duly presented an appeal to this court from the order above designated and having filed a proper and adequate stay bond in the trial court, it follows from what has been said herein that the petitioner is entitled to the assistance of the reviewing court to effect such stay pending the determination of the appeal.

For the foregoing reasons, respondents' demurrer to the petition is overruled and a writ of *supersedeas* directed to be issued.

Seawell, J., Tyler, J., *pro tem.,* Shenk, J., Curtis, J., and Langdon, J., concurred.