[Civ. No. 20364.   Second Dist., Div. Two.   Aug. 19, 1954.]

CLEMENT J. MELANCON, Respondent, v. WALT DISNEY PRODUCTIONS (a Corporation) et al., Defendants; WALT DISNEY, INC. (a Corporation), Appellant.

Wright, Wright, Green & Wright, Dudley K. Wright, Loyd Wright and Charles A. Loring for Appellant.

Guy E. Ward and David B. Heyler for Respondent.

McCOMB, J.—This proceeding is a motion for a summary reversal of the order of the superior court denying defendants' motion that plaintiff be required to furnish security pursuant to the provisions of sections 830 and 834 of the Corporations Code.

Defendants' motion was denied by the trial court by an order reading, in part, as follows: "That the defendant, Walt Disney Incorporated, a corporation, is not a defendant entitled to indemnity from the defendant Walt Disney Productions, a corporation, within the meaning of California Corporations Code, section 830, but is a third party defendant, and the Court has no constitutional authority to grant the motion of said defendant Walt Disney Incorporated, a corporation, to require plaintiff to furnish security pursuant to the provisions of California Corporations Code, section 834, and for that reason only the motion of said defendant, Walt Disney Incorporated, a corporation, for security is denied."

■ Defendants appealed from the foregoing order on October 30, 1953. On April 16, 1954, the Supreme Court of California in *Melancon* v. *Superior Court of Los Angeles County*, 42 Cal.2d 698, at 703, footnote 4 [268 P.2d 1050], held that the trial court was in error in denying the motion of defendant Disney, Inc., for security, saying: ". . . the motion of defendant Disney, Inc., which the court held was 'a third party defendant' as to which the court 'has no constitutional authority to grant the motion' to require plaintiff to furnish security. For that reason only, the motion of such defendant was denied. In this view the court erred under our holding in *Beyerbach* v. *Juno Oil Co.* (42 Cal.2d 11, 24 [265 P.2d 1]), filed January 5, 1954, subsequent to the trial court's ruling herein."*

It thus appears from an examination of the record in the instant case, and *Melancon* v. *Superior Court, supra,* that our Supreme Court has held that the order was erroneous. It should therefore be reversed.

■ There remains the simple question of the proper procedure to follow to accomplish this result. In numerous cases it has been held that an appellate court has inherent power to dismiss an appeal where examination of the judgment roll dem-

---

■ *There is no merit in plaintiff's contention made at the oral argument that the ruling of the Supreme Court was not binding since it appeared in the footnote in the opinion. A footnote is as important a part of an opinion as the matter contained in the body of the opinion and has like binding force and effect. See cases cited 21 C.J.S. (1940) p. 407, Courts, footnote 3.

onstrates that the appeal is without merit. (See *Estate of Wunderle,* 30 Cal.2d 274, 279 [2] [181 P.2d 874]; *Dalzell* v. *Kelly,* 115 Cal.App.2d 60, 61 [1] [251 P.2d 343]; *Toohey* v. *Toohey,* 97 Cal.App.2d 84, 85 [1] [217 P.2d 108].)

Rule 41 of the Rules on Appeal, 36 Cal.2d 32, provides for motions without limiting the scope thereof, and rule 53(a) of the Rules on Appeal, 36 Cal.2d 38, says, with reference to motions before the Supreme Court and District Courts of Appeal that ''they shall be liberally construed to secure the just and speedy determination of appeals and original proceedings.''

In the instant case it is apparent that in order to comply with the letter and spirit of the foregoing rules the present motion should be granted. A reversal will effectuate two wholesome results, namely: (1) a just determination of the cause pending before this court, the Supreme Court having ruled on the question by which ruling we are bound; and (2) a speedy determination of the appeal. It is evident that were the motion to be denied and briefs be required no useful purpose would be served since the ultimate result would be the same. (See *Tarpley* v. *Epperson,* 125 Tex. 63 [79 S.W.2d 1081, 1082 [1]].)

Such ruling will not result in a technical disposition of the appeal. On the contrary it saves both parties time and expense, as the same determination is reached without their being put to the expense of filing additional briefs which, of course, would entail additional attorneys' fees and costs of printing.

The motion is granted and the order of the trial court is reversed.

Moore, P. J., and Fox, J., concurred.