[Civ. No. 24243. Second Dist., Div. Two. Oct. 5, 1960.]

JACOB G. EFRON et al., Respondents, v. PAUL KALMANO-
VITZ et al., Appellants.

G. Vernon Brumbaugh and W. Alan Thody for Appellants.

Sydney J. Dunitz and Horowitz & Howard for Respondents.

RICHARDS, J. pro tem.*—Appeals from an order denying the motions of several defendants that the plaintiffs furnish security in a stockholders' derivative suit; from an order denying defendants' motions to reconsider and vacate the order denying the motions for security and from an order denying defendants' motions for a new trial of the motions for security.

Plaintiffs, as stockholders of Maier Brewing Company, filed a stockholders' derivative suit against Maier Brewing Company; its board of directors; Paul Kalmanovitz, its majority stockholder, and S & P Company, a corporation wholly owned by Paul Kalmanovitz, to vacate a contract whereby Maier Brewing Company sold all of its assets, except cash and accounts receivable, to S & P Company; to enjoin the transfer of the Maier Brewing Company's assets to S & P Company or any assignee thereof; to establish a constructive trust of any Maier Brewing Company assets transferred to any defendant and for an accounting, costs of suit and attorneys fees.

The defendants, in three groups, moved that plaintiffs be required, under Corporations Code, section 834, to furnish security upon the ground specified in said section 834, subdivision (b) (1), that there is no reasonable probability that the prosecution of the action would benefit the corporation or its security holders. Thirteen separate declarations of fact by defendants, their attorneys and others, were filed in support of the motions. Hearings were conducted for eight days by the trial court and evidence, oral and documentary, introduced at such hearings. On March 30, 1959, the court, by minute order, denied each motion. Thereafter, the court made its written ''Findings of Fact, Conclusions of Law and Order Denying Motions under Corporations Code section 834,'' finding that it is not true that there is no probability that the action will benefit the corporation or its security holders; concluding therefrom that the motions for security should be denied and ordering that each of such motions be denied. Motions to reconsider and vacate the aforesaid order and for a new trial and for relief under Code of Civil Procedure, section 473, were made and denied.

The appealability of the order denying defendants' motions for security under Corporations Code, section 834, was not raised by any of the parties to the appeal, but was suggested

*Assigned by Chairman of Judicial Council.

by this court when the matter first came on for hearing, which hearing was continued in order to permit counsel, at the court's request, to prepare and file additional briefs on the question of appealability. Such briefs were prepared and filed and before the court when the matter again came on for hearing and was submitted.

It is of course fundamental that an appellate court has no appellate jurisdiction to entertain and pass upon an appeal from a nonappealable order. (*Rossi* v. *Caire*, 189 Cal. 507, 508 [209 P. 374]; *Sherman* v. *Standard Mines Co.*, 166 Cal. 524, 525 [137 P. 249]; *Estate of Vai*, 168 Cal.App.2d 147, 149 [335 P.2d 501]; *Golden* v. *Stansbury, Inc.*, 155 Cal.App.2d 480, 483 [318 P.2d 134]; *Collins* v. *San Francisco*, 112 Cal. App.2d 719, 722 [247 P.2d 362].) If it be determined that the appeal is from a nonappealable order and the reviewing court is without appellate jurisdiction, that court has no recourse other than to dismiss the appeal on its own motion. (*Olmstead* v. *West*, 177 Cal.App.2d 652, 654 [2 Cal. Rptr. 443], *Golden* v. *Stansbury, Inc., supra,* pp. 482-483; *Estate of Murphy*, 50 Cal.App.2d 440, 442 [123 P.2d 129].)

We have concluded that an order denying a motion for security under Corporations Code, section 834, in a stockholders' derivative suit is not an appealable order, and that the defendants' appeals from such order must be dismissed.

Before discussing our reasons for the foregoing conclusion, we will direct our attention to the defendants' appeals from the order denying their motions to reconsider and to vacate the order denying their motions for security. It is established that an appeal may not be taken from a nonappealable order by the device of moving to reconsider and vacate the order and then appealing from a ruling denying the motion. (*Litvinuk* v. *Litvinuk*, 27 Cal.2d 38, 43-44 [162 P.2d 8]; *Title Ins. & Trust Co.* v. *California etc. Co.*, 159 Cal. 484, 487 [114 P. 838]; *Edlund* v. *Los Altos Builders*, 106 Cal. App.2d 350, 354 [235 P.2d 28].) As to defendants' appeals from the order denying their motions for a new trial of their motions for security, it is equally well established that proceedings for a new trial do not lie to secure the re-examination of a decision on a motion which is not made in connection with the trial of the cause (*Gray* v. *Cotton*, 174 Cal. 256, 258 [162 P. 1019]; *Mann* v. *Superior Court*, 53 Cal.App.2d 272, 285 [127 P.2d 970]) as distinguished from a motion for a new trial to review issues of fact or law occurring at a trial (*Carney* v. *Simmonds*, 49 Cal.2d 84 [315 P.2d 305]). Defend-

ants' motions for security obviously were not a trial of the cause as contemplated by Code of Civil Procedure, section 657, and, therefore their motions for a new trial did not properly lie, in which case the proper procedure is to affirm the order denying the motions for new trial and not to dismiss the appeals therefrom. (*Quist* v. *Sandman,* 154 Cal. 748, 753 [99 P. 204].)

We turn now to the controlling problem of the appealability of an order denying a motion for security in a stockholders' derivative suit. Corporations Code, section 834, provides, in relevant part, as follows: "(a) No action may be instituted or maintained in the right of any domestic or foreign corporation by the holder or holders of shares, . . . of such corporation unless both of the following conditions exist: (1) The plaintiff alleges in the complaint that he was a registered shareholder . . . at the time of the transaction . . . of which he complains. . . . (b) In any such action, at any time within thirty days after service of summons upon the corporation or any defendant, the corporation or such defendant may move the court for an order, upon notice and hearing, requiring the plaintiff to furnish security as hereinafter provided. Such motion may be based upon one or more of the following grounds: (1) That there is no reasonable probability[1] that the prosecution of the cause of action alleged in the complaint against the moving party will benefit the corporation or its security holders; (2) That the moving party, if other than the corporation, did not participate in the transaction complained of in any capacity. . . . At the hearing upon such motion, the court shall consider such evidence, written or oral, by witnesses or affidavit, as may be material: . . . . If the court determines, after hearing the evidence adduced by the parties at the hearing, that the moving party has established a probability in support of any of the grounds upon which the motion is based, the court shall fix the nature and amount of security to be furnished by the plaintiff. . . . A determination by the court that security either shall or shall not be furnished . . ., shall not be deemed a determination of any one or more issues in the action or the merits thereof. . . . If the court, upon any such motion makes a determination that security shall be furnished by the plaintiff as to any one or more defendants, the action shall be dismissed as to such defendant or defendants, unless the security required by the court shall

---

[1] In 1959 "probability" amended to "possibility" (Stats. 1959, ch. 2008).

154

have been furnished within such reasonable time as may be fixed by the court.''

 We start with the basic rule that "no appeal can be taken except from an appealable order or judgment, as defined in the statutes and developed by the case law." (*Lavine* v. *Jessup*, 48 Cal.2d 611, 613 [311 P.2d 8].) An order denying a motion under Corporations Code, section 834, is not one of the several orders specified as appealable by Code of Civil Procedure, section 963, subsection 2. Our inquiry is thus narrowed down to the question of whether such order may be considered a "final judgment" within subsection 1 of said section 963, as "developed by the case law." (*Lavine* v. *Jessup, supra.*)

It has been said of subsection 1 of said section 963, authorizing an appeal from "a final judgment" that "[t]his provision states the *final judgment rule*, or rule of one final judgment, a fundamental principle of appellate practice in the United States. The theory is that piecemeal disposition and multiple appeals in a single action would be oppressive and costly, and that a review of intermediate rulings should await the final disposition of the case." (3 Witkin, California Procedure, p. 2151.) The rule is thus stated decisionally: "Under California procedure there is ordinarily only one final judgment in an action." (*Sjoberg* v. *Hastorf*, 33 Cal.2d 116, 118 [199 P.2d 668] and cases cited.)

However, as stated in 3 Witkin, *supra*, p. 2152, "A necessary exception to the one final judgment rule is recognized where there is a final determination of some *collateral matter* distinct and severable from the general subject of the litigation. If, e.g., this determination requires the aggrieved party immediately *to pay money or perform some other act,* he is entitled to appeal even though litigation of the main issue continues." The Supreme Court has clearly and succinctly stated the rule on appealability from orders in a collateral proceeding in *Sjoberg* v. *Hastorf, supra*, 33 Cal.2d 116, at page 119 as follows: "An appeal is allowed if the order is a final judgment against a party in a collateral proceeding growing out of the action. (*Grant* v. *Superior Court*, 106 Cal. 324, 325 [39 P. 604]; *Grant* v. *Los Angeles etc. Ry Co.*, 116 Cal. 71, 72 [47 P. 872]; *Fish* v. *Fish*, 216 Cal. 14, 16 [13 P.2d 375].) *It is not sufficient that the order determine finally for the purposes of further proceedings in the trial court some distinct issue in the case; it must direct the payment of money by appellant or the performance of an act by*

*or against him.* (*Grant* v. *Superior Court, supra,* 326; *Los Angeles* v. *Los Angeles C. Water Co.,* 134 Cal. 121, 124 [66 P. 198]; *Free Gold Mining Co.* v. *Spiers,* 135 Cal. 130, 131 [67 P. 61]; *Title Ins. & Trust Co.* v. *California etc. Co.,* 159 Cal. 484, 493 [114 P. 838]; *Fish* v. *Fish, supra,* 17; *Bakewell* v. *Bakewell,* 21 Cal.2d 224, 227 [130 P.2d 975].)'' (Emphasis added.)

Thus the exception to the one final judgment rule depends upon three concomitant conditions: (1) a final order, (2) in a collateral proceeding, (3) which must direct the payment of money by the appellant or the performance of an act by or against him.

The essentiality of the third condition that the final order in a collateral proceeding must direct the payment of money by the aggrieved party or the performance of an act by or against him is illustrative in the following cases: *Grant* v. *Los Angeles etc. Ry. Co.,* 116 Cal. 71 [47 P. 872] (order fixing receiver's compensation and directing payment thereof out of funds held by him); *Brown* v. *Memorial Nat. Home Foundation,* 158 Cal.App.2d 448 [322 P.2d 600]; *Los Angeles* v. *Los Angeles City Water Co.,* 134 Cal. 121 [66 P. 198] and *Fish* v. *Fish,* 216 Cal. 14 [13 P.2d 375] (order settling receiver's account and directing payment of his compensation by a party). Illustrative of the nonappealability of a final determination in a collateral matter where the order does not require payment of money by the appellant, or the performance of an act by or against him are the following: *Grant* v. *Superior Court, supra,* 106 Cal. 324 [39 P. 604] (order fixing but not directing payment of receiver's compensation); *Free Gold Mining Co.* v. *Spiers,* 135 Cal. 130 [67 P. 61] (order appointing receiver and authorizing him to operate the business); *Title Ins. & Trust Co.* v. *California etc. Co., supra,* 159 Cal. 484 (order authorizing issuance of receiver's certificates); *Sjoberg* v. *Hastorf, supra,* (order denying petition for arbitration); *Edlund* v. *Los Altos Builders, supra,* 106 Cal.App.2d 350 (order appointing provisional director).

It is urged by appellants that *Meehan* v. *Hopps,* 45 Cal.2d 213 [288 P.2d 267], has established a rule under which appealability depends only on two elements: (1) collaterality of issue, and (2) finality of order regardless of whether the order directs ''the payment of money by appellant or the performance of an act by or against him'' as held in *Sjoberg, supra.* In *Meehan* the defendant, contending that the plaintiffs' attorneys were former counsel for him, moved to enjoin

these attorneys from further participation in the case or disclosure of confidential information. The motion was denied and defendants appealed from the order of denial. The district court of appeal dismissed the appeal without opinion on motion of plaintiffs-respondents (as shown by briefs on file) and the Supreme Court, having granted a hearing, denied the motion to dismiss the appeal. The decision in *Meehan* rests on two grounds: first, that the denial of the motion by the trial court to enjoin counsel from further participation and to restrain them from disclosing confidential information is tantamount to an order "refusing to grant or dissolve an injunction" specifically appealable under Code of Civil Procedure, section 963, subdivision 2; secondly, that the action of the trial court was a final order on a collateral issue. The opinion, so far as it discusses the question of finality, reads as follows (p. 217) : "Because the trial court's order denying Hopps' motion left nothing further of a judicial nature for a final determination of his rights regarding opposing counsel, the order was final for purposes of appeal."

A careful reading of the *Meehan* decision convinces us that as to the second ground upon which the court found appealability, it was concerned only with the question of collaterality and finality. The briefs of both parties in *Meehan* cited *Sjoberg* v. *Hastorf, supra,* and there is nothing in the opinion in *Meehan* indicating an intent to delimit or overrule *Sjoberg* and its own decisions cited in *Sjoberg* to the effect that not only must the order of a collateral issue be final to be appealable, but that it must also direct the payment of money by appellant or the performance of an act by or against him.

It is clear that the question of security in a stockholders' derivative suit bears no relation to the main issues therein, and it is likewise clear that an order denying a motion for such security is final as to that issue. On the other hand, an order denying such security does not "direct the payment of money by appellant [n]or the performance of an act by or against him." (*Sjoberg* v. *Hastorf, supra,* p. 119.) Thus, as was said in *Grant* v. *Superior Court, supra,* 106 Cal. 324, at 326, it lacks "one essential element of a final judgment."

In reaching this conclusion, it is to be observed that the Legislature has provided in Corporations Code, section 834, that in the event an order for security is made and is not furnished, "the action shall be dismissed." Although

the section does not expressly provide for the entry of judgment of dismissal, it appears to be contemplated and is the established practice. A judgment of dismissal is obviously appealable. Thus, it appears that the Legislature has expressly provided a right of appeal where a motion for security in a stockholders' derivative suit is granted and the security is not furnished, but, on the other hand, has not expressly provided for an appeal where such motion is denied.

"There is no constitutional right to an appeal; the appellate procedure is entirely statutory and subject to complete legislative control." *Trede* v. *Superior Court,* 21 Cal. 2d 630, 634 [134 P.2d 745]; Accord: *Superior Wheeler Cake Corp.* v. *Superior Court,* 203 Cal. 384, 386 [264 P. 488]; *In re Sutter-Butte By-Pass Assessment,* 190 Cal. 532, 536 [213 P. 974]; *Jackson* v. *Jackson,* 71 Cal.App.2d 837, 839 [163 P.2d 780].) Having provided for an appeal where security is ordered and not furnished under Corporations Code, section 834, but having made no provision for an appeal where security is denied, it would appear that the Legislature intended that an order of denial should not be appealable. The Legislature having failed to provide a right of appeal, we are not disposed to interstitially legislate in this area.

"If the statute is clear the court should enforce the legislative intent as disclosed by the statutes. The courts cannot, or at least should not, through the guise of interpretation make an order appealable that the Legislature intended and provided should not be appealable." (*Peninsula Properties Co.* v. *County of Santa Cruz,* 106 Cal.App.2d 669, 677 [235 P.2d 635].)

Appellants contend that an appeal of an order denying security in a stockholders' suit is decisionally established by *Wood* v. *Gordon,* 112 Cal.App.2d 374 [246 P.2d 84]; *Melancon* v. *Walt Disney Productions,* 127 Cal.App.2d 213 [273 P.2d 560]; *Bailey* v. *Fosca Oil Co.,* 180 Cal.App.2d 289 [4 Cal.Rptr. 474], and *Beneficial Industrial Loan Corp.* v. *Smith,* 170 F.2d 44, reviewed in *certiorari* in *Cohen* v. *Beneficial Industrial Loan Corp.,* 337 U.S. 541 [69 S.Ct. 1221, 93 L.Ed. 1528]. The following excerpt from *Wood* v. *Gordon, supra,* 112 Cal.App.2d 374, at 376, is relied upon by appellants: "As the statute requires the moving party to file and serve his motion within 30 days of the service of summons upon him (unless it is extended by the court), it follows that an order granting or denying security is a 'final disposition of a claimed

[statutory] right which is not an ingredient of the cause of action and does not require consideration with it' (*Cohen* v. *Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546-547 [69 S.Ct. 1221, 93 L.Ed. 1528])."

It would appear from the quoted excerpt, and other portions of the opinion, that the court was reviewing "an order" granting a motion for security in a stockholders' derivative suit. However, an examination of the appellate record in that case discloses that the appeal was from two "judgments of dismissal" entered pursuant to orders granting motions to dismiss for failure to deposit security as ordered. Each of said judgments of dismissal was, of course, a "final judgment" under Code of Civil Procedure, section 963, subdivision 1, and clearly appealable as such. Thus, the question of appealability of an "order" denying security was neither presented nor decided. An examination of the briefs on appeal for rehearing and for hearing by the Supreme Court, disclose that the question of appealability was not raised nor discussed at any stage of the appellate review. Reading the language of the Wood opinion in the light of the facts of the case and the issues raised, it is quite clear that any statement therein indicating appealability of an order denying security under Corporations Code, section 834, was unrelated to the facts and was entirely unnecessary to the decision and is therefore without force as a precedent. The learned Justice who wrote the opinion in *Wood*, a year earlier in *Achen* v. *Pepsi-Cola Bottling Co.*, 105 Cal.App.2d 113 at page 125 [233 P.2d 74] quoted Chief Justice Marshall in *Cohens* v. *Virginia*, 19 U.S. 264 [5 L.Ed. 257 at 290] as follows: "It is a maxim not to be disregarded, that general expressions, in every opinion, are to be taken in connection with the case in which those expressions are used. If they go beyond the case, they may be respected, but ought not to control the judgment in a subsequent suit when the very point is presented for decision." (*Cf.* *Jaffe* v. *Stone*, 18 Cal.2d 146, 152 [114 P.2d 335, 135 A.L.R. 775]; *Southern Calif. Enterprises* v. *Walter (D. N. & E.) & Co.*, 78 Cal.App.2d 750, 757 [178 P.2d 785]; *Childers* v. *Childers*, 74 Cal.App.2d 56, 61 [168 P.2d 218].)

*Melancon* v. *Walt Disney Productions, supra,* 127 Cal.App. 2d 213, a decision by this court granting a motion of defendant Walt Disney Incorporated to summarily reverse an order of the superior court denying a motion of said defendant for security pursuant to the provisions of Corporations Code, section 834, is relied upon by appellants here as authority

for the appealability of such an order. An examination of the entire proceedings in *Melancon* before this court reveals quite the contrary. The trial court had granted motions of several defendants for security in varying amounts and made its order accordingly, but denied the motion of defendant Walt Disney Incorporated, on the ground that said corporation was a third party defendant and not a defendant entitled to security under Corporations Code, section 834. Without any judgment of dismissal for failure to furnish security being entered, the plaintiffs appealed *from the entire order* of the superior court. Thereafter, the defendants moved this court to dismiss plaintiffs' appeal *from the order* of the superior court on the sole ground that the order from which the appeal was taken was not a final judgment or otherwise appealable. The briefs of both parties in connection with defendants' motion to dismiss plaintiffs' appeal cited and discussed *Wood* v. *Gordon, supra,* and *Cohen* v. *Beneficial Industrial Loan Corp., infra.* On May 27, 1954, this court granted the motion to dismiss plaintiffs' appeal from the superior court order. Thereafter, defendant Walt Disney Incorporated moved this court for an order to summarily reverse the order of the superior court, which had denied said defendants' motion for security. The motion before this court was made on the sole ground that the Supreme Court in *Melancon* v. *Superior Court,* 42 Cal.2d 698 [268 P.2d 1050], had stated in its opinion that the trial court erred in denying the motion of said defendant on the ground that it lacked constitutional authority to grant such motion. Contrary to the previous motion before this court, the question of appealability of the order denying security was not raised by any of the parties on the second motion, and was not discussed by this court in its written opinion upon granting of the motion for a summary reversal.

In *Bailey* v. *Fosca Oil Co., supra,* 180 Cal.App.2d 289, plaintiffs' complaint alleged three causes of action in a stockholders' derivative suit. The defendants' motion for security was denied apparently on the ground that the defendants were not entitled to security under the first two causes of action, and, therefore, were not entitled to demand the same under the third cause of action. The order of the trial court denying motions for security under the third cause of action was reversed with instructions to reconsider the defendants' motion as to that cause of action. The opinion does not reveal that any issue was raised as to the appealability of the order.

It is our conclusion that neither the second order in *Melancon* nor the reversal in *Bailey,* in neither of which was there any discussion as to the appealability of the orders under consideration, can be deemed as authority that an order denying a motion for security under Corporations Code, section 834, is appealable.

In *Cohen* v. *Beneficial Industrial Loan Corp., supra,* 337 U.S. 541, the United States Supreme Court on a writ of certiorari affirmed the United States Court of Appeals, Third Circuit, (170 F.2d 44), reversing the District Court which refused to apply a New Jersey statute relating to security in a stockholders' derivative suit in an action in the federal court based on diversity. Under the New Jersey statute, the corporation in whose right the action is brought was entitled to security for reasonable expenses if the plaintiff shareholders held less than 5 percent of the corporation's outstanding shares unless such shares had a market value in excess of a specified amount. The right to security under the New Jersey statute is absolute under the conditions set forth therein, and the probability, or lack of probability, of plaintiffs prevailing in the action may not be considered. The Supreme Court held the district court order appealable under 28 U.S.C., 1948 edition, § 1291, which provides for appeals in the federal courts only "from all final decisions of the district courts" except when direct appeal to the United States Supreme Court is provided. In affirming the Circuit Court, the Supreme Court recognized the statement by the Circuit Court that "[o]ur appellate jurisdiction of course is purely statutory." (*Beneficial Industrial Loan Corp.* v. *Smith, supra,* 170 F.2d 44, 49.) The Supreme Court in *Cohen* found reviewability on the two elements of (1) finality and (2) collaterality without any consideration of the third element of compulsion of the appellant to pay money or the direction of a performance by or against him as required by the decision of the California Supreme Court in *Sjoberg* v. *Hastorf, supra,* 33 Cal.2d 116. Inasmuch as it is recognized by the United States Supreme Court that the "right of review in the appellate court is purely a matter of state concern" (*Kohl* v. *Lehlback,* 160 U.S. 293 [16 S.Ct. 304, 40 L.Ed. 432, 434]), and "whether an appeal should be allowed, and if so, under what circumstances or on what conditions are matters for each state to determine for itself" (*McKane* v. *Durston,* 153 U.S. 684 [14 S.Ct. 913, 38 L.Ed. 867, 868]), we come to the conclusion that the holding of the United States Supreme Court

in the Cohen case "although entitled to respect and careful consideration, would not be binding or conclusive on the courts of this state" (*Bank of Italy* v. *Bentley*, 217 Cal. 644, 653 [20 P.2d 940]), and that we are controlled by the decisions of the California Supreme Court, more particularly by *Sjoberg* v. *Hastorf, supra,* on the appealability of final orders on collateral issues. (*Cf. Stoneman* v. *Fritz,* 34 Cal.App.2d 26, 31 [92 P.2d 1035] ; *Blair* v. *Williams,* 86 Cal.App. 676, 682 [261 P. 539].)

The order denying the motions for new trial is affirmed, and the appeals from the order denying the motions that plaintiff furnish security and from the order denying reconsideration and vacation of the order denying the motions for security are dismissed.

Fox, P. J., and Ashburn, J., concurred.

A petition for a rehearing was denied November 1, 1960, and appellants' petition for a hearing by the Supreme Court was denied November 30, 1960. Schauer, J., was of the opinion that the petition should be granted.