[Civ. No. 199.    Fifth Dist.    June 3, 1963.]

JOHN B. BAILEY et al., Plaintiffs and Appellants, v. FOSCA OIL COMPANY, LTD., et al., Defendants and Respondents.

Burke & La Rue, Annette La Rue, Lawrence W. Young and Robert L. Young for Plaintiffs and Appellants.

Rowell, Lamberson & Thomas and Edwin H. Hiber for Defendants and Respondents.

STONE, Acting P. J.— ▮▮ This is an appeal from an order in a stockholders' derivative action staying proceedings as to the first and second causes of action until 10 days after determination of a motion pursuant to Corporations Code section 834, subdivision (c), to require plaintiffs to furnish security as to the third cause of action.

The issues presented by this appeal should never arise again since they represent ramifications emanating from an appeal from an order that has since been held to be nonappealable. The original appeal, *Bailey* v. *Fosca Oil Co.*, 180 Cal.App.2d 289 [4 Cal.Rptr. 474] (hearing denied by Supreme Court), was from an order denying defendants' motion to require plaintiffs to furnish security in a stockholders' derivative action (Corp. Code, § 834). Following that decision, such orders were held to be nonappealable by the case of *Efron* v. *Kalmanovitz*, 185 Cal.App.2d 149, 157 [8 Cal.Rptr. 107] (hearing denied by Supreme Court).

The first *Bailey* v. *Fosca Oil Co.* opinion, having been decided prior to *Efron*, became the law of this case, and the effect of that opinion was to disjoin the first and second causes of action from the third cause of action. This result was pointed out in *Bailey* v. *Fosca Oil Co.*, 211 Cal.App.2d 307 [27 Cal.Rptr. 454] (hearing denied by Supreme Court), a motion to dismiss this appeal. We there held that the prior *Bailey* case by affirming the order of the trial court denying defendants' motion as to the first and second causes of action and by remanding the third cause of action to the trial court with instructions to reconsider that cause of action only, removed the first and second causes of action from the operation of section 834 of the Corporations Code.

Plaintiffs first contend that the opinion in *Efron* v. *Kalmanovitz, supra,* renders the opinion in *Bailey* v. *Fosca Oil Co., supra,* 180 Cal.App.2d 289, a nullity, since that appeal was taken from a nonappealable order. Plaintiffs who make this contention were respondents in the first *Bailey* case and did not there challenge the jurisdiction of the court nor the appealability of the order. The reason was, perhaps, that no statute nor constitutional provision specified an order denying motion for security under Corporations Code section 834 as a nonappealable order, nor was there at that time any case law so holding. It was not until some time later when the *Efron*

case was decided that the nonappealability of such an order became established by decisional law.

We do not agree with plaintiffs that the subsequent holding in the *Efron* case retroactively nullified the first *Bailey* opinion in which the appellate court considered the merits of the trial court's order pursuant to Corporations Code section 834.

In discussing the legal principles governing the so-called "law of the case" as established by a prior appeal, the Supreme Court said in *Gore* v. *Bingaman*, 20 Cal.2d 118 [124 P.2d 17], at pages 120-121:

"The issue sought to be raised upon this appeal, however, is no longer open for determination in this case. Although it may have been decided erroneously, the question whether the present action is legal in nature and properly appealable directly to the District Court of Appeal is one which was determined by that court upon the prior appeal. As the court said in *Clary* v. *Hoagland*, 6 Cal. 685, 688: 'The first point decided by any Court, although it may not be in terms, is, that the Court has jurisdiction, otherwise it would not proceed to determine the rights of the parties.' (See, also, *Scrimsher* v. *Reliance Rock Co.*, 1 Cal.App.2d 382, 393 [36 P.2d 688].) Where a question of law once determined is sought to be relitigated upon a second appeal to the same appellate court it is clearly established that the first determination is the law of the case and will not be re-examined in the absence of unusual circumstances leading to injustice or unfairness even though the issue sought to be raised involves the jurisdiction of the court on the prior appeal. [Citations.] *This is so, even though it is contended that absence of jurisdiction renders the decision on the prior appeal a nullity* and ineffective as a determination of any question." (Italics added.) (See also *Carpenter* v. *Pacific Mut. Life Ins. Co.*, 13 Cal.2d 306, 314 [89 P.2d 637]; *Orwitz* v. *Board of Dental Examiners*, 55 Cal. App.2d 888, 889 [132 P.2d 272].)

Plaintiffs argue that if it be conceded that the first *Bailey* opinion is the law of the case, by the same reasoning this court's opinion in the second *Bailey* case likewise is the law of the case. As plaintiffs point out, we there determined that the trial court's order staying proceedings as to the first and second causes of action was not made pursuant to Corporations Code section 834. We were impelled to so hold because the first *Bailey* case removed the first and second causes of action from the operation of section 834 of the Corporations Code.

The gist of plaintiffs' argument is that absent the authority conferred by Corporations Code section 834, the trial court was powerless to stay proceedings as to the first and second causes of action. It must be conceded that there would be merit to plaintiffs' argument if the trial court's sole jurisdiction or authority to grant such an order derived from the provisions of Corporations Code section 834. Defendants, however, asserted bifurcated grounds for their motion by alleging:

"The said Motion of the said defendants for each of said Orders so noticed as aforesaid will be made and based upon the ground that the granting of same is necessary to prevent a multiplicity of trials and procedures as to identical issues in this matter, *and* upon the ground that the provisions of said Corporations Code section 834 provides for such a stay of prosecution, . . ." (Italics added.)

Notwithstanding the inapplicability of Corporations Code section 834 by reason of "the law of the case," authority was, nevertheless, vested in the trial court to make the order upon the first ground stated by defendants' motion. Such authority is found in Code of Civil Procedure section 187, which reads:

"When jurisdiction is, by the Constitution or this Code, or by any other statute, conferred on a Court or judicial officer, all the means necessary to carry it into effect are also given; and in the exercise of this jurisdiction, if the course of proceeding be not specifically pointed out by this Code or the statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this Code."

Additionally, we believe the power of a court to stay proceedings in circumstances similar to those presented here was inherent at common law and is now vested in the superior courts of this state. Applicable is the observation of the Supreme Court in the recent case of *Cooper* v. *Superior Court,* 55 Cal.2d 291 [10 Cal.Rptr. 842, 359 P.2d 274], in which the court had this to say at page 301:

"Nothing we say here is to be taken as in any wise impairing the inherent power of a trial court to exercise a reasonable control over all proceedings connected with the litigation before it, a power which, as commented in *Hays* v. *Superior Court* (1940) 16 Cal.2d 260, 264 [1] [105 P.2d 975], 'should be exercised by the courts in order to insure the orderly administration of justice.' " (See also *Weile* v. *Sturtevant,* 176

Cal. 767, 768 [169 P. 685]; *Schoenfeld* v. *Gerson,* 48 Cal. App.2d 739, 742 [120 P.2d 674].)

█ Certainly this broad power rests upon and is limited by the exercise of sound judicial discretion. Plaintiffs, however, have not charged the trial court with an abuse of discretion, and we find none in the record.

█ In conclusion, we wish to make it clear that we do not hold nor do we intend to intimate that in a proceeding to require a plaintiff to furnish security pursuant to subdivision (b) of Corporations Code section 834, or in considering a motion pursuant to subdivision (c) thereof for a stay of proceedings, the authority of the trial court is restricted to a separate consideration of each cause of action in a complaint. It appears to us from the very nature of a stockholders' derivative suit that it is the sense and the intent of Corporations Code section 834 that it should apply jointly and severally to each cause of action insofar as each is related to the derivative action.

█ Patently, one purpose of Corporations Code section 834, subdivisions (b) and (c), is to avoid a multiplicity of suits and provide an orderly procedure in stockholders' derivative suits, which frequently involve multiple causes of action. █ It is only the fortuitous circumstances out of which this case arises by reason of the first *Bailey* decision, a situation which should not occur hereafter in view of the *Efron* case, that compel us to construe the authority of the trial court in making its order staying proceedings in the first and second causes of action as deriving from common law and Code of Civil Procedure section 187, rather than from Corporations Code section 834, subdivision (c).

The order is affirmed.

Brown (R.M.), J., concurred.

Conley, P. J., deeming himself disqualified, did not participate.

Appellants' petition for a hearing by the Supreme Court was denied July 31, 1963.