[No. C021698. Third Dist. Aug. 29, 1996.]

MARCO A. PONCE-BRAN, Plaintiff and Appellant, v.
TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY AND
COLLEGES, Defendant and Respondent.

COUNSEL

Marco A. Ponce-Bran, in pro. per., for Plaintiff and Appellant.

Daniel E. Lungren, Attorney General, Darryl L. Doke and Corinne Lee Murphy, Deputy Attorneys General, for Defendant and Respondent.

## OPINION

DAVIS, J.—The trial court denied the motion of in propria persona plaintiff Marco A. Ponce-Bran for appointment of counsel pursuant to 42 United States Code section 2000e-5(f)(1)[1] in this employment discrimination action. The plaintiff appealed. Determining that an appeal does not lie from the order, we shall dismiss.

### BACKGROUND

The plaintiff commenced this action in 1991. In his second amended complaint filed in November of that year, he alleged employment discrimination based on a provision in the memorandum of understanding with defendant Trustees of the California State University and Colleges (Trustees) which "mandated the use of invalid student ratings" of his teaching performance as a temporary lecturer. He alleged bias on the basis of "race, color, ancestry, and ethnic origin [*sic*]" in relying on these "invalid student ratings to deny him employment, despite outstanding job performance . . . ." He also claimed there were materials in his personnel file which "showed plaintiff to be an undocumented alien . . . ." The first three "causes of action" asserted liability under the Fair Employment and Housing Act (Gov. Code, § 12940 et seq.) and the common law; the plaintiff premised the fifth "cause of action" on title VII of the federal Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.).

Following a demurrer, the trial court struck the fourth cause of action as duplicative and dismissed several of the individual defendants from the lawsuit. We denied the plaintiff's writ (*Ponce-Bran* v. *Superior Court* (Mar. 12, 1992) C012979 [nonpub. opn.]) and dismissed his subsequent appeal as being from a nonappealable order and untimely (*Ponce-Bran* v. *Wilson* (June 25, 1992) C013232 [nonpub. opn.]).

Almost a year later, the plaintiff requested the court to appoint counsel pursuant to 42 United States Code section 2000e-5. Defendant Trustees did not "technically" oppose the motion (citing *Bradshaw* v. *Zoological Soc. of San Diego* (9th Cir. 1981) 662 F.2d 1301, 1309, fn. 20 [67 A.L.R.Fed. 889], which stated an opponent has no legitimate interest in arguing against the appointment of counsel), but pointed out that the plaintiff had been issued a "right to sue" letter by the Department of Fair Employment and Housing

---

[1] In pertinent part the statute provides, "Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for [the] complainant . . . ." (42 U.S.C. § 2000e-5(f)(1).)

which stated his discrimination claims lacked merit. The court denied the motion and the plaintiff appealed.

Other defendants then successfully moved for summary judgment in August 1993. The plaintiff appealed from the order granting summary judgment. In November 1993, we dismissed his appeal from the order because of the lack of a final judgment. (*Ponce-Bran* v. *California Faculty Assn.* (Nov. 23, 1993) C016703 [nonpub. opn.].)

Missing the procedural obstacle to plaintiff's appeal which we will address hereafter, we reversed in March 1994 an order denying appointment of counsel, finding it unclear whether the trial court had found that the plaintiff failed to satisfy the criteria for appointment of counsel pursuant to title VII (*Bradshaw* v. *Zoological Soc. of San Diego, supra,* 662 F.2d at p. 1318) or had instead denied the motion because of concerns regarding the coercion of an attorney to represent an indigent civil litigant. We directed the trial court to determine the *Bradshaw* criteria expressly. (*Ponce-Bran* v. *California State Universities* (Mar. 28, 1994) C015821 [nonpub. opn.].)

Almost a year after we issued our remittitur, the plaintiff renewed his motion for appointment of counsel. He appended a substantial amount of new material to his motion. Defendant Trustees (the sole remaining defendant) again did not technically oppose the motion, but continued to suggest the facts showed that the plaintiff's case lacked merit. They also moved to strike all hearsay evidence proffered in support of the motion. The trial court first determined its prior ruling had not reached the merits of the plaintiff's discrimination claims. Turning to the merits, "The Court . . . notes that in the voluminous Exhibits that Plaintiff has presented there are many which would properly be excluded on grounds of relevancy, and some which would be excluded for lack of the establishment of a proper foundation. In this de novo determination, the Court might quite properly sustain the objection to Plaintiff's earlier declaration regarding alleged statements by the persons associated with DFEH, and rely upon the No Merit determination by that administrative agency. In the interest of ultimate judicial economy in the event that such a determination be violative of the law of the case, the Court declines to do so; and determines that the objection will be considered as bearing upon weight rather than admissibility. [¶] With that exception, the Court sustains the hearsay objection regarding documentation where applicable. Assuming even that all of it were admissible, the Court has been unable to discern any credible or viable theory whereby Plaintiff on the contended facts would recover under the FEHA, 42 U.S. Code section 1983, Title VII, RICO, or the Common Law. [¶] Plaintiff has failed to persuade the

Court that his claims have some merit in fact and law or that he has some chance of prevailing on his claims." The plaintiff filed his notice of appeal in timely fashion.

## DISCUSSION

██ Perhaps because the Trustees have not actively opposed the plaintiff's motion for appointment of counsel, the issue of the appealability of the order denying the motion did not arise in our prior appeal.[2] However, in our independent research in connection with 42 United States Code section 2000e-5, we discovered the issue of the appealability of orders denying the appointment of counsel in civil cases is a question which has divided the federal Courts of Appeals. (See tabulations in *Lariscey* v. *U.S.* (Fed. Cir. 1988) 861 F.2d 1267, 1269; *Hodges* v. *Department of Corrections* (11th Cir. 1990) 895 F.2d 1360, 1361 & fn. 4.) This raised the question for us of whether the present order is appealable. We thus afforded the parties the opportunity to address this issue in supplementary briefing. We conclude we are without jurisdiction and will dismiss the appeal.

Under federal law, determining the appealability of orders denying the appointment of counsel in civil cases involves wrestling with the application of criteria established by the Supreme Court in *Coopers & Lybrand* v. *Livesay* (1978) 437 U.S. 463, 468 [57 L.Ed.2d 351, 357-358, 98 S.Ct. 2454] and *Cohen* v. *Beneficial Industrial Loan Corp.* (1949) 337 U.S. 541, 546 [93 L.Ed. 1528, 1536, 69 S.Ct. 1221] for determining whether interlocutory orders are "final decisions of the district courts" as prescribed by the statute conferring appellate jurisdiction (28 U.S.C. § 1291). The Ninth Circuit has itself resolved the issue differently in the context of litigants invoking 42 United States Code section 2000e-5 (*Bradshaw* v. *Zoological Soc. of San Diego, supra,* 662 F.2d at p. 1320 (maj. opn. of Reinhardt, J.) [appealable]; but see *id.* at pp. 1320-1324 (dis. opn. of Wallace, J.)) and litigants invoking

---

[2]Under the doctrine of "law of the case," a party may not in subsequent appeals relitigate an appellate court's jurisdiction in an earlier appeal for the purpose of attacking the prior rulings as void; this is true whether or not the earlier opinion expressly considered jurisdiction. (*Gore* v. *Bingamam* (1942) 20 Cal.2d 118, 121 [124 P.2d 17]; *Bailey* v. *Fosca Oil Co.* (1963) 216 Cal.App.2d 813, 816 [31 Cal.Rptr. 380].) We find no authority, however, for extending this rationale to confer appellate jurisdiction in a *subsequent* appeal because neither the respondent nor the court in the initial appeal raised the issue. Appellate jurisdiction cannot be conferred by consent, stipulation, estoppel, or waiver (*Estate of Hanley* (1943) 23 Cal.2d 120, 123 [142 P.2d 423, 149 A.L.R. 1250]), and the absence of appellate jurisdiction may be raised at any time. Moreover, even if law of the case were applicable here, we may depart from its confines "when the court hearing the subsequent appeal determines that there should be a reversal on a ground that was not considered on the prior appeal." (*Searle* v. *Allstate Life Ins. Co.* (1985) 38 Cal.3d 425, 435 [212 Cal.Rptr. 466, 696 P.2d 1308].)

the general authorization for courts to appoint counsel in civil cases under 28 United States Code section 1915 (*Kuster* v. *Block* (9th Cir. 1985) 773 F.2d 1048 [nonappealable]). The Supreme Court has not resolved the issue, as former Justice White has noted in dissent from denial of certiorari. (See *Welch* v. *Smith* (1987) 484 U.S. 903 [98 L.Ed.2d 203, 108 S.Ct. 246] [28 U.S.C. § 1915]; *Henry* v. *City of Detroit Manpower Dept.* (1985) 474 U.S. 1036 [88 L.Ed.2d 582, 106 S.Ct. 604] [42 U.S.C. § 2000e-5].)

It is, however, of no value in the present case to analyze the various viewpoints at length. California has different standards for determining the appealability of collateral orders (*Efron* v. *Kalmanovitz* (1960) 185 Cal.App.2d 149, 160-161 [8 Cal.Rptr. 107]), which it may apply even to federal law causes of action. (*Samuel* v. *Stevedoring Services* (1994) 24 Cal.App.4th 414, 422-424 [29 Cal.Rptr.2d 420].) We limit our analysis accordingly.

■ "Normally, there can be no direct appeal except from a final judgment. An exception to this rule is the collateral order doctrine which has been described by the California Supreme Court as follows: 'An appeal is allowed if the order is a final judgment against a party in a collateral proceeding growing out of the action. . . . It is not sufficient that the order determine finally for the purposes of further proceedings in the trial court some distinct issue in the case; it must direct the payment of money by [an] appellant or the performance of an act by or against [the appellant]. . . .' [I]f the order does not direct payment of money or performance of an act, it is not appealable except after a judgment." (*Samuel* v. *Stevedoring Services*, *supra*, 24 Cal.App.4th at pp. 417-418; accord, *Sjoberg* v. *Hastorf* (1948) 33 Cal.2d 116, 119 [199 P.2d 668].)[3]

■ Thus, while the present order may be collateral to the main action, and may be a final resolution of the issue, it does not order the plaintiff to

---

[3]There is some authority for allowing an appeal from an order granting or denying a motion to disqualify opposing counsel, despite the latter restriction just cited, which can be traced back to *Meehan* v. *Hopps* (1955) 45 Cal.2d 213 [288 P.2d 267]. *Meehan* had held such orders were the equivalent of injunctions, which were appealable by statute. (*Id.* at pp. 215-216.) However, the court also held the order denying the motion was appealable as a final collateral order, without mentioning the ordered-act/money-paid criterion. (*Id.* at pp. 216-217.) This alternative holding has been the subject of criticism. (*Truck Ins. Exchange* v. *Fireman's Fund Ins. Co.* (1992) 6 Cal.App.4th 1050, 1052, fn. 1 [8 Cal.Rptr.2d 228].) *Efron* v. *Kalmanovitz*, *supra*, 185 Cal.App.2d at page 156, suggests this cannot be a true holding, particularly in light of *Meehan*'s failure to overrule or distinguish *Sjoberg* (which had been invoked by the *Meehan* parties in their briefing). We will not hazard to harmonize *Sjoberg* and *Meehan*. If *Meehan* has any effect on other types of orders, we leave it for the Supreme Court to extend the rule beyond the context of disqualifications.

pay money, nor does it require him to act or to refrain from acting. Consequently, it is not appealable.

Although we have the authority to treat an infirm appeal as a writ, appellate courts exercise this power only sparingly in extraordinary circumstances where the parties have stipulated to the procedure; "[o]therwise, the device of filing an unauthorized appeal followed by such a stipulation would inundate this court with piecemeal appeals." (*DeGrandchamp* v. *Texaco, Inc.* (1979) 100 Cal.App.3d 424, 437 [160 Cal.Rptr. 899]; accord, *Olson* v. *Cory* (1983) 35 Cal.3d 390, 400-401 [197 Cal.Rptr. 843, 673 P.2d 720].) In the present case, there is no stipulation from the Trustees to treat the matter as a writ. More importantly, the determinative issue in this case—whether the plaintiff has demonstrated a sufficiently colorable claim to warrant appointment of counsel—is neither sharply in focus nor thoroughly briefed, unlike *Olson.* The plaintiff produced hundreds of pages of documents in support of his motion; the Trustees (through the Attorney General) have consistently declared it would not be proper for them to oppose the motion actively; and the trial court's ruling dealt only generally with the evidentiary morass, and simply concluded the action is unlikely to succeed on the merits. Our intervention at this point would enmesh us in the merits of the case before there have been any factual determinations. Under these circumstances, we are put in what Justice Gardner has described as the "awkward position" of combining decisionmaking and advocacy. (*People* v. *Von Staich* (1980) 101 Cal.App.3d 172, 174-175, fn. 1 [161 Cal.Rptr. 448] [discussing the duties imposed by *People* v. *Wende* (1979) 25 Cal.3d 436 (158 Cal.Rptr. 839, 600 P.2d 1071)].) Thus, we decline to exercise this power.

## DISPOSITION

The appeal is dismissed. Neither party shall recover costs of appeal.

Puglia, P. J., and Sims, J., concurred.

A petition for a rehearing was denied September 24, 1996, and appellant's petition for review by the Supreme Court was denied December 11, 1996.