Paul Joseph KUSTER,
Plaintiff-Appellant,

v.

Sherman BLOCK, Sheriff,
Defendant-Appellee.

No. 84–5606.

United States Court of Appeals,
Ninth Circuit.

Submitted June 3, 1985.

Decided Oct. 8, 1985.

Paul Joseph Kuster, in pro. per.

Frederick R. Bennett, Cty. Counsel, Los Angeles, Cal., for defendant-appellee.

Before ALARCON and POOLE, Circuit Judges, and REED,* District Judge.

EDWARD C. REED, Jr., District Judge:

Appellant Kuster has appealed from the District Court order denying his application that counsel be appointed to aid him in his civil rights action for damages. We dismiss the appeal for lack of jurisdiction.

The basis for appeal is 28 U.S.C. § 1291, which grants to courts of appeal jurisdiction over appeals from final decisions of United States district courts. The finality requirement embodied in § 1291 is jurisdictional in nature. *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 379, 101 S.Ct. 669, 676, 66 L.Ed.2d 571 (1981). Where the parties fail to raise an issue as to the finality of a district court's order, the appellate court must determine *sua sponte* whether its jurisdiction has been invoked properly. *Baumann v. Arizona Dept. of Corrections,* 754 F.2d 841, 843 (9th Cir.1985). Since the District Court's order here did not end the litigation on the merits, it is interlocutory. In order to be appealable it must fit within the collateral order exception for interlocutory orders recognized in *Cohen v. Beneficial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).

* Honorable Edward C. Reed, Jr., Acting Chief United States District Judge, District of Nevada, sitting by designation.

█ An interlocutory order must meet a minimum of three conditions in order to possess *Cohen* collateral order appealability. The order (1) must conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment. *Flanagan v. United States*, 465 U.S. 259, 104 S.Ct. 1051, 1055, 79 L.Ed.2d 288 (1984) (pretrial orders disqualifying counsel are not immediately appealable under 28 U.S.C. § 1291).

█ The second *Cohen* condition is not met in this case. Whether a *pro se* plaintiff's case is meritorious and whether he is capable of preparing and presenting it are questions that cannot be assessed fairly until the substance of both his case and that of the defendant become known. *See Richardson-Merrell, Inc. v. Koller*, — U.S. —, —, 105 S.Ct. 2757, 2765, 83 L.Ed.2d 226 (1985), vacating and remanding 737 F.2d 1038 (D.C.Cir.1984) (an order disqualifying counsel in a civil case is not completely separate from the merits of the case); *Smith-Bey v. Petsock*, 741 F.2d 22, 24–25 (3rd Cir.1984) (an order denying appointment of counsel in a civil case is not entirely separate from the merits).

In *Weygandt v. Look*, 718 F.2d 952 (9th Cir.1983), we stated, at page 954:

> In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved. (Citations omitted). These considerations are not separate and distinct from the underlying claim, but are inextricably enmeshed with them.

The same reasoning is applicable in a civil rights action brought under 42 U.S.C. § 1983, as is the situation here. Consequently, because the order of the district court denying appointment of counsel does not resolve an important issue entirely sep-arate from the merits of appellant's case, we must dismiss for lack of jurisdiction.

APPEAL DISMISSED.