NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 24 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LEWIS A. HARRY, Jr.,<br><br>              Plaintiff-Appellant,<br><br>  v.<br><br>DIANE BOHUSZEWICZ, CO IV East Unit; Z. YOUNG, Sgt. East Unit,<br><br>              Defendants-Appellees,<br><br>  and<br><br>STATE OF ARIZONA; et al.,<br><br>              Defendants. | No. 20-16657<br><br>D.C. No. 2:19-cv-02234-DLR-JFM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted March 16, 2021[**]

Before:    GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

Arizona state prisoner Lewis A. Harry, Jr. appeals pro se from the district

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

court's order denying his motions for preliminary injunctions in his 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1292(a)(1). We review for an abuse of discretion. *Jackson v. City & County of San Francisco*, 746 F.3d 953, 958 (9th Cir. 2014). We affirm.

The district court did not abuse its discretion by denying Harry's motions for preliminary injunctions because the district court lacked authority to grant the injunctive relief requested. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) (when a plaintiff seeks injunctive relief, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint"); *Diamontiney v. Borg*, 918 F.2d 793, 796 (9th Cir. 1990) (holding that in the absence of any other relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint, a plaintiff must demonstrate the challenged practices affect the plaintiff's ability to litigate the action).

We lack jurisdiction over the district court's orders regarding discovery and order denying Harry's motion for appointment of counsel. *See Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv.*, 886 F.3d 803, 825 (9th Cir. 2018) ("Orders relating to discovery . . . are orders that regulate the conduct of litigation and are not appealable under § 1292(a)(1)."); *Kuster v. Block*, 773 F.2d 1048, 1049 (9th

20-16657

Cir. 1985) (order denying appointment of counsel is not a final appealable order).

Harry's request for appointment of counsel, set forth in his opening brief, is denied.

**AFFIRMED.**