LAS VEGAS TRANSIT SYSTEM, INC., NEVADA CHECKER CAB CORPORATION, NEVADA YELLOW CAB CORPORATION, AND NEVADA STAR CAB CORPORATION, APPELLANTS, v. LAS VEGAS STRIP TROLLEY AND THE NEVADA PUBLIC SERVICE COMMISSION, RESPONDENTS.

No. 19256

October 18, 1989                    780 P.2d 1145

*Beckley, Singleton, DeLanoy, Jemison & List* and *Franny A. Forsman,* Las Vegas, for Appellant Las Vegas Transit System, Inc.

*Alverson, Taylor & Mortensen* and *David Clayson,* Las Vegas, for Appellants Nevada Checker Cab Corporation, Nevada Yellow Cab Corporation and Nevada Star Cab Corporation.

*Patrick Joyce,* Carson City, for Respondent Nevada Public Service Commission.

*Hilbrecht & Associates,* Las Vegas, for Respondent Las Vegas Strip Trolley.

## OPINION

*Per Curiam:*

In 1986, respondent Las Vegas Strip Trolley (LVST) filed an application with the Public Service Commission (the Commission) seeking authority to provide transportation services along the Las Vegas Strip. During public hearings on the matter, LVST informed the Commission that its proposed transportation system was to consist of "gas driven, twenty passenger Boyertown Trolleys." After the hearings, the Commission granted LVST's application. However, the PSC conditioned the issuance of LVST's Certificate of Public Convenience upon LVST's filing of a tariff limiting the scope of the service to the trolley-type buses. Appellants, competing Las Vegas transportation companies, challenged the Commission action in the district court. The district court denied relief.

The central issue on appeal is whether the district court erred in concluding that the Commission did not engage in prohibited ad hoc rule making. Specifically, appellants argued below and maintain on appeal that the Commission defined "trolley bus" or "trolley" and set a standard of general applicability without following the Nevada Administrative Procedure Act, NRS 233B.010-NRS 233B.150, requirements. After reviewing the record in light of pertinent case law, we agree with appellants.

Our decision in Coury v. Whittlesea-Bell, 102 Nev. 302, 721 P.2d 375 (1986), is dispositive of the issue before us. In *Coury,* appellant applied to the Commission for a certificate to operate a "stretch" limousine service. At the time Commission proceedings commenced, a "stretch" limousine was an unknown and undefined vehicle under then existing Nevada public utility regulations. Ultimately, the Commission issued a certificate which authorized Coury to operate a "stretch" limousine service. Additionally, the certificate, by way of a footnote, defined a "stretch" limousine.[1] Upon district court review, it was determined that the Commission had engaged in ad hoc rule making and the certificate was declared a nullity.

On appeal, we affirmed. First, we paraphrased NRS 233B.038 and its characterization of a regulation as a standard of general applicability which effectuates policy. Second, we established

---

[1]The Commission's definition of a "stretch" limousine differed from the formally established definition of a limousine. *See Coury,* 102 Nev. at 304-305, 721 P.2d at 326-377.

that "defining" means establishing limits or stating exactly what a thing is. Third, we determined that the Commission's definition of a new kind of limousine set a standard of general applicability which was designed to effectuate Commission policy. Fourth, we dismissed any notions that the Commission was simply establishing limits and conditions and was not engaging in ad hoc rule making.

Similar to *Coury*, the Commission in this case defined "trolley" or "trolley bus" where no such definition had previously existed and set a standard of general applicability to effectuate Commission policy. Specifically, in the Commission's November 9, 1987, "Opinion," the Commission stated, "[t]rolleys will have an unique exterior and interior and move more slowly from one hotel to another, pulling in and out of numerous hotel entrances with no stops on the strip." Additionally, in its accompanying "Order," the Commission required that LVST file tariffs with the Commission which were to include the following specific language:

(1) Vehicles used to provide the authorized service shall be twenty (20) passengers, gas-powered Boyertown trolley buses.

(2) Las Vegas Strip Trolley's initial route will commence at the Hacienda Hotel terminal north on Las Vegas Boulevard South to Sahara Avenue; east on Sahara Avenue to Paradise Road; south on Paradise Road to Convention Center Drive; west on Convention Center Drive to Las Vegas Boulevard South; north on Las Vegas Boulevard South to the Circus Circus Hotel; south on Las Vegas Boulevard South to the Hacienda Hotel terminal, service places of business and convention and tourist attractions along said route.

(3) The aforementioned trolley buses shall stop only at entrances of establishments on the Las Vegas Strip.[2]

The specific Commission "Opinion" language coupled with the

---

[2]Although *Coury* dealt with a prohibited definition found in a footnote to the Commission's opinion and this case deals with definitions located in the body of the Commission's opinion and within its accompanying order, such differentia are immaterial. First, the Nevada Administrative Procedure Act approves only one rule-making procedure and disapproves all others regardless of where the prohibited rule is found. Second, matters contained within the body of an opinion are equal in significance to material found within a footnote. *See* Melancon v. Walt Disney Productions, 273 P.2d 560, 561 (Cal. 1954).

Commission's specific tariff requirements reveals that, under *Coury*, the Commission defined a "trolley" or "trolley bus" where no such definition existed previously.[3]

Additionally, the Commission, by defining a new kind of vehicle and the possibility of operating trolleys and trolley buses, generates interest beyond the confines of this case and "general applicability" of the Commission's opinion and order was the natural result. *Cf. Coury*, 102 Nev. at 306, 721 P.2d at 377-378.

Finally, it is clear from the record that the Commission's decision effectuated policy. *See* NRS 233B.038. In its opinion under the heading "Legislative Policy," the Commission states that LVST's trolley bus service "will complement the currently inadequate service, relieve frustration and congestion at bus stops and provide a safer environment for visitors on the Strip." Further, "[t]he new competition will tap an 'unsaturated market' and enhance overall transportation on the Strip." The Commission concluded by stating that "granting LVST a certificate of public convenience and necessity to provide a *new* transportation service on the Strip is consistent with the legislative policies stated in NRS 706.151" (emphasis added).

Although portions of the language in the relevant Commission opinion and order smack of arguably permissible limitations, the overall tenor is definitional. The Commission granted LVST authority to operate a trolley or trolley bus service as opposed to a simple bus line. Such a grant is beyond a mere condition on the operation of the trolley service. On the contrary, it is a specific authorization to operate a special, previously undefined kind of vehicle. *See Coury*, 102 Nev. at 306, 721 P.2d at 377.

Given the foregoing analysis, we hold that the district court erred in failing to set aside the Commission's opinion and order. Clearly, the Commission engaged in ad hoc rule making by promulgating a standard of general applicability which effected policy without complying with the Nevada Administrative Procedure Act. Thus, the trial court decision cannot stand.

We have carefully considered all other issues raised on appeal but not discussed herein and conclude that they lack merit.

---

[3]*Compare* the above-quoted Commission "Opinion" and "Order" language *with* the following established public utility regulation:

> "Bus" defined. "Bus" means any motor vehicle with a capacity of 9 or more persons, including the driver, designed, constructed and used for the transportation of passengers, their baggage and light express.

NAC 706.022.

Accordingly, the district court order affirming the Commission's decision is reversed.[4]

YOUNG, C. J., STEFFEN, SPRINGER and MOWBRAY, JJ., and McGROARTY, D. J.,[5] concur.

---

[4]Inasmuch as LVST has, consistent with the Commission's decision and the district court's affirmance, been operating its trolley service for some time and with a concomitant investment of time and capital, equity and fairness direct us to allow LVST to continue operating under the current certificate for ninety days following issuance of this opinion. If LVST files a new application within the ninety day period, it may continue operating its trolley service under the current certificate until the Commission reaches an appropriate decision.

