Filed 6/26/13  Bank of America v. Lahave CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| BANK OF AMERICA, N.A., | B240826 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC415243) |
| v. | |
| DANNY LAHAVE et al., | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Mary H. Strobel, Judge.  Reversed.

Fisher & Wolfe, David R. Fisher; Greines, Martin, Stein & Richland, Robert A. Olson and Kent J. Bullard for Defendants and Appellants.

Jeffer Mangels Butler & Mitchell, Robert B. Kaplan and Neil C. Erickson for Plaintiff and Respondent.

_____

Danny Lahave and Top Terraces, Inc. (Lahave), move for a summary reversal of an order awarding postjudgment attorney fees to Bank of America, N.A., as successor by merger with LaSalle Bank, N.A. (Bank). We grant the motion and reverse the order awarding postjudgment attorney fees to Bank because earlier we reversed the underlying judgment that was the basis of the award.

On April 24, 2012, Lahave filed this appeal from the trial court's award of postjudgment attorney fees of $224,815.70 to Bank. On October 9, 2012, we granted Lahave's motion to stay briefing pending our decision in Lahave's related appeal against Bank (B237360) and ordered Lahave's opening brief to be "scheduled 30 days from the issuance of the remittitur for case number B237360." On March 26, 2013, we reversed the judgment of the trial court in case number B237360, which was the basis for the postjudgment attorney fees award. (*Bank of America, N.A. v. Lahave* (Mar. 26, 2013, B237360) [nonpub. opn.].)[1]

On May 7, 2013, Lahave filed the instant motion for a summary reversal of the postjudgment attorney fees award to Bank. Bank opposed the motion, contending that the motion will not be "procedurally ripe" until our Supreme Court has ruled on Bank's petition for review of case number B237360 filed on May 6, 2013.

Our Supreme Court denied Bank's petition for review on June 12, 2013. (*Bank of America v. Lahave*, *supra*, S210468.)

"[T]he remedy of summary reversal is limited to situations where the proper resolution of the appeal is so obvious and without dispute that briefing would not serve any useful purpose. [Citation.]" (*Weinstat v. Dentsply Internat., Inc*. (2010) 180 Cal.App.4th 1213, 1224.) "A reversal will effectuate two wholesome results, namely: (1) a just determination of the cause pending before this court, the Supreme Court having

---

[1] We take judicial notice of our opinion in *Bank of America, N.A. v. Lahave*, *supra*, B237360; Bank's petition for review of case number B237360; and our Supreme Court's denial of review, *Bank of America v. Lahave*, review denied June 12, 2013, S210468. (Evid. Code, § 452.)

2

ruled on the question by which ruling we are bound; and (2) a speedy determination of the appeal." (*Melancon v. Walt Disney Productions* (1954) 127 Cal.App.2d 213, 215.)

Here, reversal of the judgment in case number B237360 eliminates the basis for the attorney fees award to Bank. (See *Merced County Taxpayers' Assn. v. Cardella* (1990) 218 Cal.App.3d 396, 402 ["An order awarding costs falls with a reversal of the judgment on which it is based."].)

Accordingly, we grant Lahave's motion for a summary reversal of the trial court's order awarding postjudgment attorney fees of $224,815.70 to Bank.

## DISPOSITION

The order of the trial court awarding postjudgment attorney fees of $224,815.70 to Bank of America, N.A., as successor by merger with LaSalle Bank, N.A., is reversed. Lahave and Top Terraces, Inc., are entitled to costs on appeal.

NOT TO BE PUBLISHED.


MALLANO, P. J.

We concur:


CHANEY, J.


JOHNSON, J.

3