Filed 7/20/22  Mid-Wilshire Property v. Dr. Leevil CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MID-WILSHIRE PROPERTY, L.P., et al., Plaintiffs and Appellants, v. DR. LEEVIL, LLC, Defendant and Respondent. | G059899 (Super. Ct. No. 30-2015-00801555) O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Ronald L. Bauer, Judge.  Reversed and remanded.

Enenstein Pham & Glass and Teri Thuy Pham for Plaintiffs and Appellants.

Law Offices of Ronald Richards and Associates and Ronald Richards; Law Office of Geoffrey Long and Geoffrey S. Long for Defendant and Respondent.

\*          \*          \*

THE COURT:[*]

This dispute arises out of a foreclosure sale of commercial property.  The procedural and factual history is set forth fully in this court's recent related opinion reversing the judgment.  (*Mid-Wilshire Health Care Center v. Dr. Leevil, LLC* (July 15, 2022, G059097) [nonpub. opn.].)

The instant appeal is from the trial court's award of $476,353.44 in attorney fees to respondent as the prevailing party.  Appellants filed a timely notice of appeal from the court's order.  (Code Civ. Proc., § 904.1, subd. (a)(2) [postjudgment order is appealable].)  No briefs have yet been filed in this appeal.

On June 9, 2022, the parties filed a joint stipulation and request for reversal of the order awarding attorney fees.  The stipulation explains that as a result of the reversal of the judgment in the related appeal, respondent "is no longer the prevailing party in the" action.  "To avoid further unnecessary proceedings in this appeal, the parties therefore stipulate and agree that the Fee Order should be reversed, and the matter should be remanded to the trial court for determination of any award of attorneys' fees . . . to the prevailing party after trial[.]"

This court has "inherent authority" to summarily reverse.  (Eisenberg et al., Cal. Practice Guide:  Civil Appeals and Writs (The Rutter Group 2016) ¶ 5:82, p. 5-34.)  This power may be exercised when the correct outcome of an appeal is clear, making

---

[*]        Before O'Leary, P.J., Bedsworth, J., and Goethals, J.

2

further appellate proceedings a waste of time. (*Melancon v. Walt Disney Productions* (1954) 127 Cal.App.2d 213, 215 [motion granted because recent Supreme Court case on same issue compelled reversal].)

Though the parties do not mention it, stipulated reversals of *judgments* are specifically addressed by the Code of Civil Procedure. "An appellate court shall not reverse or vacate a duly entered judgment upon an agreement or stipulation of the parties unless the court finds both of the following: [¶] (A) There is no reasonable possibility that the interests of nonparties or the public will be adversely affected by the reversal. [¶] (B) The reasons of the parties for requesting reversal outweigh the erosion of public trust that may result from the nullification of a judgment and the risk that the availability of stipulated reversal will reduce the incentive for pretrial settlement." (§ 128, subd. (a)(8).) The parties certainly stipulated to a reversal. But the stipulated request does not address any of the factors included in section 128, subdivision (a)(8). Nor do the parties comply with our local rule requirements for stipulated requests for reversal. (See also Ct. App., Fourth Dist., Div. Three, Internal Practices and Proc., V C, Stipulated Requests for Reversal.)

Of course, this statute purports to apply to a "duly entered judgment"; no mention is made of appealable orders. (§ 128, subd. (a)(8).) Does section 128, subdivision (a)(8), apply to a postjudgment order awarding attorney fees, given the text of the statute and policy considerations underlying this statute? (See *Muccianti v. Willow Creek Care Center* (2003) 108 Cal.App.4th 13, 15 [final judgments belong to the public, not the parties].) There is no final judgment here; this court has already reversed the

3

judgment. The parties are correct that reversal of the order here is inevitable in light of the reversal of the judgment. (See *In re Rashad H.* (2000) 78 Cal.App.4th 376, 380-382 [indisputable error supports reversal of judgment based on stipulation].) There is no possible res judicata or precedential value of the court's order for the public at large. (§ 128, subd. (a)(8)(A).) It is hard to imagine how "public trust" in the courts could be eroded by facilitating the prompt resolution of the inevitable reversal of this order. (§ 128, subd. (a)(8)(B).)

In sum, it is unclear whether the presumption against stipulated reversals applies to a postjudgment order awarding attorney fees. But even if the presumption applies, it is overcome on this record because it is clear that the reversal of the underlying judgment also requires the reversal of the postjudgment order awarding attorney fees.


DISPOSITION


The parties' joint motion for summary reversal is granted. The December 11, 2020, order awarding attorney fees to respondent is reversed. In the interests of justice, the parties shall bear their own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)

The parties may stipulate to early finality of this decision and to immediate issuance of the remittitur. (Cal. Rules of Court, rule 8.272(c)(1).) But they have not done so yet. Absent a further stipulation for early finality and immediate issuance of the

4

remittitur, the remittitur shall issue once the time allotted by the Rules of Court has passed.  (See Cal. Rules of Court, rules 8.264(b), 8.272.)